**Paul G. MURGIA, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 26256.**

United States Court of Appeals,
Ninth Circuit.

Sept. 9, 1971.

Paul G. Murgia, in pro. per.

Harry Steward, U. S. Atty., San Diego, Cal., for appellee.

Before HAMLEY, ELY and HUFSTEDLER, Circuit Judges.

PER CURIAM:

In 1959, petitioner was found guilty on two counts of violating federal narcotics laws. He also admitted that he was the perpetrator of a prior 1956 federal narcotics offense charged in the in-

formation. He received ten-year concurrent sentences on each count, the minimum term for second offenders. 21 U.S.C. § 174.

In 1969, petitioner was successful in getting his 1956 conviction set aside on the ground that there had been inadequate compliance with Rule 11, F.R. Crim.P., in accepting his guilty plea. He now seeks to overturn his 1959 conviction and the sentence arising therefrom by way of a petition requesting relief under 28 U.S.C. § 2255 and a writ of error *coram nobis*.

 Petitioner challenges the legality of his arrest and the body cavity search of his person which led to his 1959 conviction. These questions were answered adversely to petitioner on direct appeal, Murgia v. United States, 285 F.2d 14 (9th Cir. 1960), and consequently, are not reviewable again in a collateral proceeding. Stein v. United States, 390 F. 2d 625 (9th Cir. 1968).

Petitioner also contends that he was denied effective assistance of counsel when his attorney failed to discover and bring to the trial court's attention the fatal defect in his prior 1956 conviction. Petitioner's claim, however, shows only the perfect vision of hindsight, not the farce or mockery of justice which this court requires to support such an allegation. Borchert v. United States, 405 F.2d 735, 738 (9th Cir. 1968).

Petitioner further challenges the validity of his ten-year sentence as a prior offender in 1959, in light of the fact that the prior conviction now has been held invalid. This claim has merit. This court has been advised that there is a parole violation warrant outstanding against petitioner and that he is liable for 1,359 days of federal incarceration under his 1959 conviction and sentence. Petitioner is therefore still subject to custodial restraint under that sentence.[1] His position is similar to that of the petitioner in Schram v. Cupp, 436 F.2d

692 (9th Cir. 1970), whose penalty had been increased under a habitual offender statute by virtue of prior convictions which were later held invalid. In *Schram* we held that the invalid convictions could not be used to enhance punishment and remanded with directions to vacate the habitual offender conviction. We rule similarly here.

The order denying Murgia's petition is reversed and the cause is remanded for resentencing as a first offender.

---

1. Unfortunately, this fact was not brought to the district court's attention. Apparently, petitioner, respondent and the court were all under the impression that the sentence under the 1959 conviction had been completed.