**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Jose Lopez GARCIA, Defendant-Appellant.**

**No. 74–4126.**

United States Court of Appeals, Fifth Circuit.

Feb. 6, 1976.

Rehearing Denied March 19, 1976.

William B. Clarkson, Houston, Tex. (Court-appointed), for defendant-appellant.

Anthony J. P. Farris, U. S. Atty., Ronald H. Tonkin, James R. Gough, Jr., Anna E. Stool, Asst. U. S. Attys., Houston, Tex., for plaintiff-appellee.

Before JONES, WISDOM and AINSWORTH, Circuit Judges.

JONES, Circuit Judge:

The appellant Garcia and another were charged with narcotics offenses in a three-count indictment filed on June 17, 1974. Count One accused the defendants of a conspiracy. By Count Two they were charged with possessing heroin with the intent to distribute it, and Count Three charged the distribution of heroin.

The case was set for trial on August 20, 1974. Garcia moved for a continuance and the motion was granted. On August 20, 1974, the United States Attorney filed an information pursuant to the provisions of the applicable statute.[1] The information stated:

1. (a)(1) No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or

"I, Anthony J. P. Farris, United States Attorney of the Southern District of Texas, do accuse the defendant above named, who was indicted on the 17th day of June, 1974, in the Southern District of Texas, with conspiracy to distribute Heroin, possession with the intent to distribute Heroin, and distribution of a quantity of Heroin, in violation of Title 21, United States Code, Sections 841(a)(1) and 846, of having been previously convicted as herein below described:

"The said defendant, on or about the 24th day of October, 1967, in the Laredo Division of the Southern District of Texas was duly convicted of knowingly concealing and facilitating the transportation and concealment of a quantity of Heroin, cause # 67–L–191."

At the trial Garcia testified on his own behalf and on direct examination stated that in 1967 he had plead guilty to a narcotics offense for which he had served ten years in prison. Garcia was

before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon. Upon a showing by the United States attorney that facts regarding prior convictions could not with due diligence be obtained prior to trial or before entry of a plea of guilty, the court may postpone the trial or the taking of the plea of guilty for a reasonable period for the purpose of obtaining such facts. Clerical mistakes in the information may be amended at any time prior to the pronouncement of sentence.

(2) An information may not be filed under this section if the increased punishment which may be imposed is imprisonment for a term in excess of three years unless the person either waived or was afforded prosecution by indictment for the offense for which such increased punishment may be imposed.

(b) If the United States attorney files an information under this section, the court shall after conviction but before pronouncement of sentence inquire of the person with respect to whom the information was filed whether he affirms or denies that he has been previously convicted as alleged in the information, and shall inform him that any challenge to a prior conviction which is not made before sentence is imposed may not thereafter be raised to attack the sentence.

(c)(1) If the person denies any allegation of the information of prior conviction, or claims that any conviction alleged is invalid, he shall file a written response to the information. A copy of the response shall be served upon the United States attorney. The court shall hold a hearing to determine any issues raised by the response which would except the person from increased punishment. The failure of the United States attorney to include in the information the complete criminal record of the person or any facts in addition to the convictions to be relied upon shall not constitute grounds for invalidating the notice given in the information required by subsection (a)(1) of this

section. The hearing shall be before the court without a jury and either party may introduce evidence. Except as otherwise provided in paragraph (2) of this subsection, the United States attorney shall have the burden of proof beyond a reasonable doubt on any issue of fact. At the request of either party, the court shall enter findings of fact and conclusions of law.

(2) A person claiming that a conviction alleged in the information was obtained in violation of the Constitution of the United States shall set forth his claim, and the factual basis therefor, with particularity in his response to the information. The person shall have the burden of proof by a preponderance of the evidence on any issue of fact raised by the response. Any challenge to a prior conviction, not raised by response to the information before an increased sentence is imposed in reliance thereon, shall be waived unless good cause be shown for failure to make a timely challenge.

(d)(1) If the person files no response to the information, or if the court determines, after hearing, that the person is subject to increased punishment by reason of prior convictions, the court shall proceed to impose sentence upon him as provided by this part.

(2) If the court determines that the person has not been convicted as alleged in the information, that a conviction alleged in the information is invalid, or that the person is otherwise not subject to an increased sentence as a matter of law, the court shall, at the request of the United States attorney, postpone sentence to allow an appeal from that determination. If no such request is made, the court shall impose sentence as provided by this part. The person may appeal from an order postponing sentence as if sentence had been pronounced and a final judgment of conviction entered.

(e) No person who stands convicted of an offense under this part may challenge the validity of any prior conviction alleged under this section which occurred more than five years before the date of the information alleging such prior conviction. 21 U.S.C.A. § 851.

convicted on the second and third counts of the indictment. The first count was dismissed. At the sentencing the court referred to the information and said "It is my recollection that the defendant admitted his identification and it was he that had been convicted at that time." Counsel for the appellant responded "I believe he testified to that fact, Your Honor." Nothing more was said at the trial regarding the prior conviction. After hearing a request that Garcia be given medical treatment the court imposed concurrent second offender sentences of twenty years imprisonment and five years special parole on each count.

On appeal it is contended that the provisions of 21 U.S.C.A. § 851(b) for a second offender sentence were not complied with. Notwithstanding the failure of the appellant to raise the question in the district court, it will be considered by this Court on its merits.

Although this Court has reduced the enhanced portion of a sentence where the information charging a prior conviction was not filed before trial or before entry of a plea of guilty as required by 21 U.S.C.A. § 851(a)(1),[2] a similar result is not permitted where the provisions of subsection (b) have not been fulfilled. The requirements as to sentencing can be carried out on a remand if that which was done is not in substantial compliance with the statutory requirements.

If Garcia's admission of a narcotics conviction identified it as the offense set forth in the information it could be plausibly urged that there was a substantial compliance with the statute. But there was no identity of offenses and it is doubtful that a substantial compliance would suffice. Nor was the statutory ritual waived.

The sentence will be vacated and the cause remanded for resentencing under

the statute quoted. The court fixed the special parole term at five years. By statute the special parole term is fixed at not less than six years. 21 U.S.C.A. § 841(b)(1)(A).

The other contentions of Garcia have received the consideration of the Court. They are without merit. The judgment of conviction is affirmed, the sentence is vacated and the cause is remanded for resentencing of the appellant as herein outlined.

Judgment of conviction affirmed, sentence vacated and cause remanded.

---

2. *United States v. Noland,* 5th Cir. 1974, 495 F.2d 529, cert. den., 419 U.S. 966, 95 S.Ct. 228, 42 L.Ed.2d 181.

