UNITED STATES of America, Plaintiff-Appellee,

v.

Jesse Angel CEVALLOS, Defendant-Appellant.

No. 75–1669.

United States Court of Appeals, Fifth Circuit.

Sept. 17, 1976.

---

**8.** For the reasons stated in Part III *supra*.

John T. Neal, Barbara L. Oliver, Houston, Tex., for defendant-appellant.

Mary L. Sinderson, Anna Stool, Asst. U.S. Attys., Houston, Tex., for plaintiff-appellee.

Before BROWN, Chief Judge, and GOLDBERG and RONEY, Circuit Judges.

JOHN R. BROWN, Chief Judge:

Petitioner-appellant Cevallos appeals from the District Court's denial without a hearing of his F.R.Crim.P. 35 motion to correct his sentence, which had been enhanced pursuant to 21 U.S.C.A. § 851. Because the District Court in sentencing petitioner did not comply with the procedural prerequisites of § 851, we vacate petitioner's sentence and remand so that petitioner can be resentenced in full compliance with the enhancement statute.

*Challenging The Enhanced Sentence*

Petitioner pleaded guilty on February 5, 1973 to conspiracy to distribute heroin in violation of 21 U.S.C.A. § 846, and in return

two other counts of the indictment were dismissed. On January 19, 1973—prior to petitioner's guilty plea—the Government had filed an information of a previous drug-related conviction. Though the maximum sentence petitioner could normally have received for his conviction of conspiracy under § 846 was 15 years imprisonment (followed by a mandatory special parole term of three years) and a fine of $25,000, see 21 U.S.C.A. § 841(b)(1)(A), he was subject to a maximum sentence of 30 years imprisonment (followed by a mandatory special parole term of six years) and a $50,000 fine as a second narcotics offender.

On June 14, 1973 petitioner received an enhanced sentence of 25 years imprisonment and a special parole term of six years. There was no appeal.

On July 9, 1974—over a year later—petitioner filed a motion to correct sentence pursuant to F.R.Crim.P. 35. He broadly asserted that his enhanced sentence was not imposed in compliance with 21 U.S.C.A. § 851.[1] His motion then set out § 851 in its

1. § 851. Proceedings to establish prior convictions—Information filed by United States Attorney

(a)(1) No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon. Upon a showing by the United States attorney that facts regarding prior convictions could not with due diligence be obtained prior to trial or before entry of a plea of guilty, the court may postpone the trial or the taking of the plea of guilty for a reasonable period for the purpose of obtaining such facts. Clerical mistakes in the information may be amended at any time prior to the pronouncement of sentence.

(2) An information may not be filed under this section if the increased punishment which may be imposed is imprisonment for a term in excess of three years unless the person either waived or was afforded prosecution by indictment for the offense for which such increased punishment may be imposed.

*Affirmation or denial of previous conviction*

(b) If the United States attorney files an information under this section, the court shall after conviction but before pronouncement of sentence inquire of the person with respect to whom the information was filed whether he affirms or denies that he has been previously convicted as alleged in the information, and shall inform him that any challenge to a prior conviction which is not made before sentence is imposed may not thereafter be raised to attack the sentence.

*Denial; written response; hearing*

(c)(1) If the person denies any allegation of the information of prior conviction, or claims that any conviction alleged is invalid, he shall file a written response to the information. A copy of the response shall be served upon the United States attorney. The court shall hold a hearing to determine any issues raised by the response which would except the person from increased punishment. The failure of the United States attorney to include in the information the complete criminal record of the person or any facts in addition to the convictions to be relied upon shall not constitute grounds for invalidating the notice given in the information required by subsection (a)(1) of this section. The hearing shall be before the court without a jury and either party may introduce evidence. Except as otherwise provided in paragraph (2) of this subsection, the United States attorney shall have the burden of proof beyond a reasonable doubt on any issue of fact. At the request of either party, the court shall enter findings of fact and conclusions of law.

(2) A person claiming that a conviction alleged in the information was obtained in violation of the Constitution of the United States shall set forth his claim, and the factual basis therefor, with particularity in his response to the information. The person shall have the burden of proof by a preponderance of the evidence on any issue of fact raised by the response. Any challenge to a prior conviction, not raised by response to the information before an increased sentence is imposed in reliance thereon, shall be waived unless good cause be shown for failure to make a timely challenge.

*Imposition of sentence*

(d)(1) If the person files no response to the information, or if the court determines, after hearing, that the person is subject to increased punishment by reason of prior convictions, the court shall proceed to impose sentence upon him as provided by this part.

(2) If the court determines that the person has not been convicted as alleged in the information, that a conviction alleged in the

entirety, and petitioner's sole specification of the procedural violations complained of consisted of underlining the parts of the statute allegedly violated.[2] In this way petitioner complained that (i) the record did not show that the United States Attorney had ever served a copy of the information of previous conviction on petitioner or his counsel, § 851(a)(1) and (ii) the District Court in sentencing petitioner never asked him whether he had been previously convicted as alleged in the information nor informed him that, unless then raised, he could not thereafter challenge the prior conviction. § 851(b). Petitioner's motion also asserted that the prior conviction relied on to enhance his sentence was invalid.

### Failure In The District Court

The District Court denied the motion, on the basis of a recommendation by the Magistrate, on the grounds that F.R.Crim.P. 35 did not allow attacks on matters outside the record, namely the prior conviction, and that in addition petitioner was barred from attacking the prior conviction by 21 U.S. C.A. § 851(b).

The District Court apparently did not see or chose not to reach petitioner's contention that his enhanced sentence was procedurally deficient.

■ Although the District Court correctly ruled that petitioner's attack on his prior conviction is outside the scope of the present Rule 35 motion to correct sentence, the motion unmistakably—if not prosaical-ly—challenged the procedures followed in enhancing petitioner's sentence,[3] a matter completely within the record.

### Haphazard Service

Petitioner concedes that, as shown by the record, the United States Attorney filed an information of previous conviction prior to the guilty plea proceeding, but he argues that the record does not indicate that a copy of this information was ever served on him or his counsel. Petitioner contends that since there must be strict compliance with § 851(a)(1)'s requirement of a pre-trial information of previous conviction, *United States v. Noland,* 5 Cir., 1974, 495 F.2d 529, *cert. denied,* 419 U.S. 966, 95 S.Ct. 228, 42 L.Ed.2d 181, and the failure of the Government to file such an information deprives the District Court of jurisdiction to impose an enhanced sentence, *id.,* the same strict compliance should be required of § 851 (a)(1)'s requirement of service of the information on the defendant or his counsel and failure strictly to comply with the requirement of service likewise deprives the District Court of jurisdiction to impose an enhanced sentence.[4]

■ Assuming that a failure by the Government strictly to comply with § 851(a)(1)'s requirement of service of the information of previous conviction does deprive the District Court of jurisdiction to impose an enhanced sentence, *cf. United States v. Noland, supra,* the uncontroverted evidence more than supports the District

---

information is invalid, or that the person is otherwise not subject to an increased sentence as a matter of law, the court shall, at the request of the United States attorney, postpone sentence to allow an appeal from that determination. If no such request is made, the court shall impose sentence as provided by this part. The person may appeal from an order postponing sentence as if sentence had been pronounced and a final judgment of conviction entered.

*Statute of limitations*

(e) No person who stands convicted of an offense under this part may challenge the validity of any prior conviction alleged under this section which occurred more than five years before the date of the information alleging such prior conviction.

**2.** Petitioner has elaborated on the asserted procedural violations in his brief on appeal.

**3.** Petitioner does not in any way attack the guilty plea for which the enhanced sentence was imposed.

**4.** In *Noland,* because the failure to file the information of previous conviction prior to trial deprived the District Court of jurisdiction to impose an enhanced sentence (and obviously the opportunity to file such an information *before* trial had been irretrievably lost), we remanded for reduction of sentence to the normal statutory maximum rather than for resentencing in compliance with the enhancement statute (§ 851).

**1126**

Judge's implied finding that petitioner's counsel was in fact served with a copy of the information of previous conviction prior to the guilty plea proceeding and petitioner was so advised by his counsel.[5] This is so even though no certificate of service of the information appears in the record (which is the sole basis of petitioner's contention that a copy was never served on petitioner or his trial counsel). The colloquy in note 5, shows that both petitioner and his counsel knew that the information of previous conviction had been filed. Other circumstances corroborate actual knowledge on the part of petitioner[6] that the Government had filed an information as a second offender and would seek an enhanced sentence.

With such positive statutory direction— "and serves a copy of such information on the person or counsel for the person," *see* note 5, *supra*—it is difficult to understand how the Government could have pursued such a lax system, or more accurately, lax non-system[7] for serving the information of previous conviction. But since we sit to review error rather than to administer the government counsel's operation, our function goes to substance only. In that regard, the uncontroverted evidence in the record

before us leaves no doubt that the District Judge could conclude that service of the information was made and petitioner and his counsel were fully aware that the Government intended to seek an enhanced sentence.

*Sentencing Ritual Ignored*

Concerning petitioner's second allegation of error, the Government concedes (and the transcript of the sentencing hearing, A. at 66–83, confirms) that the District Court at sentencing never asked petitioner whether he had been previously convicted as alleged in the information and never informed him that he could not challenge the prior conviction after sentencing, even though both tasks are required by § 851(b) prior to imposing an enhanced sentence. The Government urges, however, that unlike the strict compliance which we require for the filing portion of the enhancement statute (§ 851(a)(1)), *see United States v. Noland, supra,* substantial compliance with the requirements of § 851(b) should be sufficient.[8]

In *United States v. Garcia,* 5 Cir., 1976, 526 F.2d 958, decided after oral argument in this case, we held that it was doubtful

---

5. The following exchange took place at the guilty plea hearing:

> THE COURT: Do you have some other information?
>
> MR. HORNE [Assistant U. S. Attorney]: Yes, sir.
>
> The Government filed an Information of Previous Conviction concerning the Defendant, Jesse Cevallos. The filing of that Information causes the maximum to be raised to a potential of thirty years, $50,000, and six years' special parole term.
>
> THE COURT: Was that made known to you by your counsel?
>
> DEFENDANT CEVALLOS: Yes, sir.
>
> THE COURT: I had overlooked the fact that had been filed.
>
> Now with your having been advised by the Court as well as your counsel with respect to the maximums that could be imposed by the Court, do you still desire to stand on your Plea of Guilty, each of you?
>
> DEFENDANT CEVALLOS: Yes, sir.

A. at 55.

6. The two-page Plea of Guilty form which petitioner signed, with the assistance of counsel, states in part:

> VI. I am aware that the maximum sentence provided by statute for this offense is a period of confinement of 30 years and a fine of $50,000; and a special parole term of not less than six years; and I understand that any lawful sentence, including the maximum set out above, may be imposed in the sole discretion of the presiding Judge.

A. at 3–4. This maximum sentence of 30 years imprisonment and a $50,000 fine is the *enhanced* maximum, twice that of the normal maximum sentence.

7. At oral argument, counsel for the Government stated that at the time the information in petitioner's case was filed, it was customary in the Office of the United States Attorney for the Southern District of Texas simply to hand a copy of the information of previous conviction to defense counsel when it was filed.

8. The Government goes on to argue that the petitioner confirmed his identity in the prior conviction by acquiescence and similarly never challenged his previous conviction in any way prior to sentencing, in effect shifting the burden of compliance with § 851(b) onto petitioner.

that substantial rather than strict compliance with § 851(b)'s statutory ritual would suffice. In *Garcia* the non-compliance with § 851(b) was much less egregious [9] than the complete failure to comply with § 851(b) in the case before us. On the doubtful possibility that substantial compliance with § 851(b) would suffice, there was no such compliance here. In sentencing petitioner the District Court completely failed to comply with § 851(b), which is a prerequisite to the imposition of an enhanced sentence.

### In Legalese, An Illegal Sentence

The Government further argues, however, that petitioner's allegation of non-compliance with § 851(b) is not properly within the scope of his F.R.Crim.P. 35 [10] motion to correct sentence because non-compliance with § 851(b) constitutes imposition of sentence "in an illegal manner" rather than "an illegal sentence," and thus the motion—which was filed more than a year after imposition of sentence—was not timely filed within Rule 35's time limitation of 120 days.

In *Hill v. United States,* 1962, 368 U.S. 424, 82 S.Ct. 468, 7 L.Ed.2d 417, the Supreme Court considered whether a motion to vacate sentence under 28 U.S.C.A. § 2255 could be brought to complain of the failure of the sentencing Court to comply with F.R.Crim.P. 32(a), which requires the Court before imposing sentence to afford the defendant an opportunity to speak in his own behalf and present information in mitigation of punishment. The Supreme Court

held that, in the absence of other aggravating circumstances, the sentencing Court's failure to comply with Rule 32(a) was not an error of either jurisdictional or constitutional dimensions and therefore was not cognizable in a § 2255 motion.[11]

The Supreme Court continued:

> It is suggested that although the petitioner denominated his motion as one brought under 28 U.S.C. § 2255, we may consider it as a motion to correct an illegal sentence under Rule 35 of the Federal Rules of Criminal Procedure. This is correct. *Heflin v. United States,* 358 U.S. 415, 418, 422, 79 S.Ct. 451, 453, 3 L.Ed.2d 407. But, as the Rule's language and history make clear, the narrow function of Rule 35 is to permit correction at any time of an illegal *sentence,* not to re-examine errors occurring at the trial or other proceedings prior to the imposition of sentence. The sentence in this case was not illegal. The punishment meted out was not in excess of that prescribed by the relevant statutes, multiple terms were not imposed for the same offense, nor were the terms of the sentence itself legally or constitutionally invalid in any other respect.

*Id.* at 430, 82 S.Ct. at 472, 7 L.Ed.2d at 422 (footnotes omitted).

Thus, to be properly within the scope of a Rule 35 motion to correct sentence, brought after the 120-day limitation on challenges to sentences imposed in an illegal manner, the error in sentencing need not be so great as to be jurisdictional or

---

**9.** Garcia testified at his trial that he had been convicted of a narcotics offense in 1967, and the prior conviction cited in the information was a 1967 narcotics offense. But because the Court addressed counsel rather than the defendant to establish that in fact these two convictions were one and the same, we held that § 851(b) had not been complied with.

**10.** *Rule 35. Correction or Reduction of Sentence*

The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence. The court may reduce a sentence within 120 days after the sentence is imposed, or within

120 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 120 days after entry of any order or judgment of the Supreme Court denying review of, or having the effect of upholding, a judgment of conviction. The court may also reduce a sentence upon revocation of probation as provided by law.

**11.** This holding casts considerable doubt, to say the least, on the Government's contention that petitioner could have and should have brought his action—which the Government contends concerns imposition of sentence in an illegal manner rather than imposition of an illegal sentence—under § 2255 rather than Rule 35.

constitutional, but the error must render the sentence imposed illegal.

■ Though the Supreme Court did not find the failure to comply with Rule 32(a) in *Hill* sufficient to render that sentence illegal under the circumstances there presented, the failure of the District Court in our case to comply with § 851(b) is significantly more harmful to petitioner in two respects. First, because of the error petitioner was never formally informed that, unless then attacked, he would thereafter be barred from challenging the prior conviction relied on to enhance his sentence.[12] One purpose of § 851(b) is to insure that a defendant knowingly and voluntarily waives his right to challenge the previous conviction used to enhance his sentence before that conviction becomes immune from challenge by operation of the enhancement statute. The ritual required by § 851(b) is a functional one, and its omission can result in very real prejudice to a defendant who learns only after he attempts to challenge the prior conviction that that conviction has become unassailable.[13]

Second, while Rule 32(a) is a condition precedent to the imposition of a sentence within the normal statutory maximum, § 851(b) precedes the imposition of an *enhanced* sentence, which of course exceeds the normal statutory limits. The statutory maximum sentence which the Judge may lawfully impose remains the same whether or not the opportunity for discourse between Judge and defendant required by Rule 32(a) is given. In contrast, unless the Judge complies with § 851(b) in imposing an enhanced sentence, the legal requirements for the lawful imposition of an enhanced sentence have not been met, and thus the enhanced sentence in fact exceeds the normal statutory maximum which the Judge is otherwise authorized to impose. The colloquy required by § 851(b) precedes a quantum jump in the severity of sentence which

the discourse required by Rule 32(a) does not, making its omission more prejudicial to a defendant.

■ For these reasons we conclude that—since Rule 35 burdens us with the artificial task of drawing lines between "illegal sentences" and sentences "imposed in an illegal manner"—the failure of the District Court to comply with § 851(b) before imposing the enhanced sentence was more prejudicial to the petitioner than simply failing to ask a defendant if he would like to address the Court before sentencing, resulted in a sentence which exceeded the normal statutory maximum, and constituted imposition of an illegal sentence. Petitioner's Rule 35 motion to correct sentence was therefore timely filed.

### A Limited Victory

■ Unlike the error in *United States v. Noland, supra,* which caused us to reduce the enhanced sentence to the normal statutory maximum rather than to remand for resentencing (see note 4, *supra* ), the failure of the District Court to comply with § 851(b), though resulting in an illegal sentence, does not deprive the District Court of jurisdiction to impose an enhanced sentence on remand. *See United States v. Garcia, supra.*

We therefore vacate petitioner's sentence and remand to the District Court for resentencing in full compliance with the procedures of the enhancement statute. Petitioner will be able to challenge his prior conviction at the resentencing proceeding. 21 U.S.C.A. § 851(c).

REMANDED FOR RESENTENCING.

---

**12.** Indeed, as discussed above, this was one of the reasons given by the District Court for dismissing petitioner's motion to correct sentence, which included an attack on the previous conviction used to enhance his sentence.

**13.** Nor did the District Court ever establish that petitioner was actually the defendant in the prior conviction named in the information, in further contravention of § 851(b).