**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Warren Lonnell HARRIS, Defendant-Appellant.**

No. 78–2839.

United States Court of Appeals, Ninth Circuit.

March 7, 1979.

Paul W. Davis, La Jolla, Cal., for defendant-appellant.

Bruce R. Castetter, Asst. U. S. Atty., San Diego, Cal., for plaintiff-appellee.

Before WRIGHT and WALLACE, Circuit Judges, and TEMPLAR,* District Judge.

EUGENE A. WRIGHT, Circuit Judge:

Harris was convicted for conspiring to smuggle, sell and conceal narcotics and for using telephone facilities for narcotics crimes. He appeals from the denial of his motion to correct an illegal sentence.

At the sentencing hearing, the government filed an information as required by the enhancement statute, 26 U.S.C. § 7237, stating that Harris' conviction constituted a subsequent offense. Upon the court's inquiry, Harris' attorney admitted the prior conviction charged in the information. Harris was silent. He was given a 13-year sentence and his conviction was affirmed. *United States v. Valdivia*, 492 F.2d 199 (9th Cir. 1973), *cert. denied*, 416 U.S. 940, 94 S.Ct. 1945, 40 L.Ed.2d 292 (1974).

Harris argues that this court should remand for resentencing because: (1) the enhancement statute required that Harris himself, rather than his attorney, admit his prior conviction; and (2) the enhancement statute is unconstitutional because it does not permit a defendant to show that a prior conviction that is the basis for the enhanced sentence is invalid under *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963).

We hold that the district court complied with the statute by giving Harris an opportunity to be heard. We do not reach the constitutionality issue because Harris lacks standing to raise it.

* Senior District Judge, District of Kansas.

## I.

■ Harris brought his motion under 28 U.S.C. § 2255 and under Fed.R.Crim.P. 35. He may not use a § 2255 motion to raise the issue concerning the alleged failure to follow the statutory requirements because any statutory noncompliance neither amounted to a "fundamental defect" that would result in a "complete miscarriage of justice" nor presented "exceptional circumstances" that justify extraordinary relief. *Hill v. United States*, 368 U.S. 424, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962); *Lepera v. United States*, 587 F.2d 433, 435 (9th Cir. 1978); *Marshall v. United States*, 576 F.2d 160, 162 (9th Cir. 1978).

■ He properly raised the sentencing issue under Fed.R.Crim.P. 35. *See United States v. Cevallos*, 538 F.2d 1122 (5th Cir. 1976) (motion to vacate sentence for failure to follow the procedural requirements of the successor to the enhancement statute at issue here was cognizable under Rule 35).

Harris received a sentence of 13 years. Under the enhancement statute a prior conviction increases the minimum sentence from five to ten years and the maximum sentence from 20 to 40 years. The trial court did not state whether Harris' sentence was enhanced because of a prior conviction.

The government argues that, because Harris received less than the maximum sentence for a first offense, he was not affected by the enhancement statute and, hence, may not attack his sentence. This position is inconsistent with *Murgia v. United States*, 448 F.2d 1275, 1276 (9th Cir. 1971), which arose under the predecessor to the enhancement statute at issue here. The defendant then received a ten-year sentence, the minimum term for a second offense but well under the 20-year maximum for a first offense. After he began serving his sentence, Murgia's first conviction was

set aside. On appeal we remanded for resentencing on his second conviction without requiring any particularized showing that the district court relied on the enhancement statute.

We follow *Murgia* and we reject the government's suggestion that a defendant is not affected by the enhancement statute unless the sentencing court either explicitly states that the sentence was enhanced because of the prior conviction or imposes a more severe sentence than is allowed for first offenders.

## II.

Harris argues that the literal terms of the enhancement statute were not followed because the statute requires that the defendant, and not his attorney, identify the prior conviction alleged in the information.[1]

We have not previously ruled on this issue and the Seventh and Fifth Circuits are in conflict. We agree with the Seventh Circuit and reject Harris' argument.

The Fifth Circuit in *United States v. Garcia*, 526 F.2d 958, 961 (5th Cir. 1976), applying 21 U.S.C. § 851(b), the successor to the enhancement statute at issue here, held that the statutory formalities were not adhered to even though the defendant admitted a prior conviction at trial and his counsel identified the prior conviction at the sentencing hearing.

The language of the statute in *Garcia* is similar to the language of the statute at issue here. *Garcia* did not explain why the defendant himself, rather than his attorney, was required to admit the prior conviction. *Garcia* provided no rationale as to why strict, rather than substantial, compliance with the statute is required and did not discuss whether the defendant had been prejudiced. *Garcia* is not persuasive authority.

---

1. Harris cites the following passage from 26 U.S.C. § 7237(c)(2) in support of his position:

   *The offender shall* have the opportunity in open court to affirm or deny that he is identical with the person previously convicted. *If he denies* the identity, sentence shall be postponed for such time as to permit a trial before a jury on the sole issue of the offender's identity with the person previously convicted. *If the offender is found by the jury to be the person previously convicted, or if he* acknowledges that he is such person, he shall be sentenced as prescribed . . . .
   (Emphasis added.)

The Seventh Circuit in *United States v. Scales*, 249 F.2d 368, 370 (7th Cir. 1957), *cert. denied*, 356 U.S. 945, 78 S.Ct. 792, 2 L.Ed.2d 820 (1958), held that the statutory formalities were complied with when the court announced the government's information at the sentencing hearing even though neither the defendant nor his attorney identified the prior conviction.

■ The court rejected the proposition that the statute requires either the defendant or his attorney to make the identification and reasoned that the statutory requirements were complied with because the statute guarantees only the "opportunity" to be heard. 26 U.S.C. § 7237(c)(2). We agree.

Moreover, except for egregious circumstances not here present, we have held that defendants are bound by the conduct of their attorneys. *Kung v. FOM Investment Co.*, 563 F.2d 1316, 1318 (9th Cir. 1977). *See United States v. O'Looney*, 544 F.2d 385, 392 n.5 (9th Cir. 1976).

Harris had the opportunity to affirm or deny the prior conviction when his attorney made the identification and Harris failed to object. The court did not prevent him from denying the prior conviction. In fact, when asked by the court whether he wished to make a statement Harris stated that he did not wish to speak. Even now he does not deny that the information was correct.

Harris contends that resentencing is required by *United States v. Garrett*, 565 F.2d 1065 (9th Cir. 1977), *cert. denied*, 435 U.S. 974, 98 S.Ct. 1620, 56 L.Ed.2d 67 (1978), where this court, applying 21 U.S.C. § 851(b), the successor to the statute at issue here, remanded for resentencing for failure to follow the statutory requirements. The court relied on *United States v. Cevallos*, 538 F.2d 1122 (5th Cir. 1966). The *Garrett* opinion did not hold, however, that a defendant must personally affirm a prior conviction.

*Garrett* did not present any of the underlying facts relevant to this issue nor did it state the standard it was applying. The decision might have been addressed to a set of facts quite different from that at issue here. For example, the trial court might have failed to announce the contents of the information at the sentencing hearing. *Garrett* is not helpful in resolving the issue presented here.

Harris had the opportunity to deny the prior conviction. That is all the statute requires.

### III.

Harris seeks to attack the enhancement statute as unconstitutional on the ground that it did not allow a defendant to show at the sentencing hearing that an alleged prior conviction was subject to attack under *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). Under *United States v. Tucker*, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972), a prior conviction is invalid under *Gideon*. We do not reach the issue, however, because Harris does not have standing to raise it.

■ With limited exceptions, one to whom application of a statute is constitutional has no standing to attack it on the ground that impliedly it might also be taken as applying to other persons or other situations in which its application might be unconstitutional. *United States v. Raines*, 362 U.S. 17, 21, 80 S.Ct. 519, 4 L.Ed.2d 524 (1960); *Broadrick v. Oklahoma*, 413 U.S. 601, 610, 93 S.Ct. 2908, 37 L.Ed.2d 830 (1973).

Harris does not assert that his prior conviction is invalid under *Gideon*. He is, therefore, raising a challenge in behalf of third parties, those who have been sentenced under the enhancement statute and whose prior convictions are subject to *Gideon* attacks. None of the standing rule exceptions listed in *Broadrick* apply and Harris has no standing to raise claims of third parties.

*Wiren v. Eide*, 542 F.2d 757 (9th Cir. 1976), provides a persuasive analogy. Wiren attacked on due process grounds the

1062

post-seizure notice provisions of a statute under which his automobile was seized and forfeited because it was found to be transporting contraband. The statute provided for notice only by publication.

This court acknowledged that two other courts had ruled that the notice by publication prescribed by the statute is inadequate to afford due process. We noted, however, that Wiren had received actual notice sufficient to fulfill due process requirements. Thus, Wiren's claim was, in essence, that the statutory notice procedure was inadequate with respect to third parties.

We concluded that Wiren lacked standing to challenge the notice provisions in behalf of third parties who received only the notice required by the statute. *Id.* at 762; *see Kannisto v. City & County of San Francisco*, 541 F.2d 841, 844 (9th Cir. 1976), *cert. denied*, 430 U.S. 931, 97 S.Ct. 1552, 51 L.Ed.2d 775 (1977). *But see Wuchter v. Pizzutti*, 276 U.S. 13, 24–25, 48 S.Ct. 259, 72 L.Ed. 446 (1928) (without discussing standing, the court invalidated a state nonresident service of process statute on the ground that the statute did not provide adequate notice; the defendant had actual notice).

■ Similarly, Harris does not have standing to attack the constitutionality of the enhancement statute on the ground that it hypothetically may preclude a *Tucker* attack on a prior conviction used to enhance a sentence.

The judgment is affirmed.