**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Eleazar GARCIA, Defendant–Appellant.**

No. 91–2597
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Feb. 12, 1992.

Richard E. Langlois, San Antonio, Tex., for defendant-appellant.

Jeffery A. Babcock, Paula Offenhauser, Asst. U.S. Attys., Houston, Tex., for plaintiff-appellee.

Before POLITZ, Chief Judge, KING and EMILIO M. GARZA, Circuit Judges.

KING, Circuit Judge:

Eleazar Garcia appeals his 74-month sentence following a guilty plea to a charge of possession with intent to distribute 96 pounds of marijuana. He argues that the sentence should be set aside because (1) the government cited the wrong statute in an information of prior convictions submitted in support of an enhanced sentence; and (2) the district court failed to admonish him that any challenge to previous convictions must be made before an enhanced sentence is imposed. Finding no reversible error, we affirm.

## I. BACKGROUND

In January 1991, Garcia and a codefendant[1] were charged in a four-count indictment with various drug offenses. Garcia pled not guilty. On March 12, the government filed a Notice of Eligibility for Imposition of Sentence pursuant to 18 U.S.C. § 3147. That statute requires that an additional penalty of up to ten years imprisonment, to run consecutively, be imposed on persons convicted of a felony while on release. The Notice alleged that Garcia had committed the instant offenses while released on bond awaiting sentencing in cause number L-90-398-01. Garcia had pled guilty in that case on September 19, 1990, to possession with intent to distribute

more than 50 kilograms of marijuana.[2] On March 20, 1991, the day before the scheduled trial, the government filed an Information of Prior Convictions alleging that Garcia's two prior convictions made him eligible for an enhanced sentence. One of the prior convictions was in cause number L-90-398-01, the 1990 drug conviction for which Garcia had been awaiting sentencing when he committed the instant offense. The other was a 1987 conviction for felony cocaine possession in a Texas state court for which Garcia received 8 years probation. The government asserted in the information that Garcia was eligible for an enhanced sentence under 21 U.S.C. § 962. The citation to § 962 was in error—the statute authorizing the government to use prior convictions to enhance a sentence for the offenses of which Garcia was charged is 21 U.S.C. § 851.

Later on March 20, Garcia entered into a plea bargain in which he pled guilty to count 2 of the indictment (possession with intent to distribute less than 50 kilograms (96 pounds) of marijuana in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(D) and 18 U.S.C. § 2) in exchange for the government dropping the other three charges. During the plea colloquy, the judge explained to Garcia that he was eligible for an enhanced sentence because of the two convictions to which the government referred in the information. The judge then stated that he did not want to use the 1990 federal drug conviction as a basis for enhancement because it had occurred so recently. However, he explained, the 1987 state felony conviction was sufficient to double the maximum penalty for the instant offense from five to ten years imprisonment because the statute requires only one prior conviction for enhancement purposes. Whether he ultimately considered the recent federal drug conviction for enhancement purposes is unclear from the record, for the transcript reveals that there was some confusion about the date of the con-

---

1. Only Garcia has appealed.

2. The offenses in that case were violations of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), and the presiding judge was the same as in the instant case.

viction and then the matter was dropped. Garcia did clearly acknowledge that the 1987 state felony conviction was his, and stated that he understood the potential penalty.

The judge then explained that the Sentencing Guidelines also were relevant to the sentence Garcia ultimately would receive. In the PSI, the probation officer calculated Garcia's Guideline range as follows:

** Base offense level of 20, pursuant to U.S.S.G. §§ 2D1.1(a)(3) and 2D1.1(c)(12) (providing base offense level for possession with intent to distribute between 40 and 60 kilograms of marijuana)

** Three points added for committing the offense while on release pending sentencing in cause number L–90–398–01, pursuant to U.S.S.G. § 2J1.7.

** Two points subtracted for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1(a).

** Eight criminal history points for violations including both the 1987 state cocaine conviction and the 1990 federal drug conviction.

** Two additional criminal history points for committing the instant offense while on probation from the 1987 state cocaine conviction, pursuant to U.S.S.G. § 4A1.1(d).

Garcia's adjusted offense level of 21 and criminal history category of V led to a range of 70 to 87 months imprisonment. *See* U.S.S.G. Sentencing Table. However, because of Garcia's extensive criminal history, the probation officer recommended that Garcia be sentenced as a career offender pursuant to § 4B1.1 of the Guidelines. Under § 4B1.1, Garcia's base offense level was raised to 24 because the statutory maximum for a violation of 21 U.S.C. § 841(b)(1)(D), with enhancement, is ten years. The probation officer again subtracted two points for acceptance of responsibility. Combining this offense level with a criminal history category of VI for a career offender, Garcia had a sentencing range of 84 to 105 months. *See* U.S.S.G. Sentencing Table.

At the sentencing hearing on May 21, the district judge rejected the probation officer's suggestion to sentence Garcia as a career offender. Instead, the judge decided that the originally calculated base offense level of 21 and criminal history category of V were appropriate. Garcia was then sentenced to 74 months, apportioned "arbitrarily" as follows: 64 months for the marijuana charge and 10 additional months under 18 U.S.C. § 3147 for committing the offense while released on bond. Garcia had earlier been sentenced to 46 months imprisonment for the offense involved in cause number L–90–398–01. The judge directed that the 74–month and 46–month sentences run consecutively, for a total of 120 months imprisonment. Garcia timely appealed.

## II. DISCUSSION

Initially, we note that, although the district judge sentenced Garcia by applying the Guidelines, the enhancement information played a role in increasing the sentence. Garcia's Guideline range of 70 to 87 months is greater than the maximum penalty of five years for which he would have been eligible had he violated 21 U.S.C. § 841(b)(1)(D) and had no prior convictions. Only by enhancing Garcia's sentence pursuant to the information could the judge have sentenced Garcia within a Guideline range that exceeded five years, because a statutory maximum sentence that is lower than the Guideline sentence must be followed. *See* Guidelines § 5G1.1(a). Thus, we consider whether the government and the court followed the proper procedures for enhancing a sentence.

### A. *Incorrect Citation in the Information*

■ The government concedes that the information erroneously cited to 21 U.S.C. § 962 as the authority for enhancing Garcia's sentence. The correct enhancement provision for the offenses for which Garcia was charged was 21 U.S.C. § 851. Garcia argues that the sentence is illegal because the enhancement information cited the

wrong statute. An enhancement information

is, of course, an information in the legal sense: a complaint or accusation presented against a person and charging a criminal offense, filed at the discretion of a proper law officer of the government but without the intervention of a grand jury.

*United States v. Olson,* 716 F.2d 850, 851 (11th Cir.1983). Federal Rules of Criminal Procedure, Rule 7(c)(3) provides in pertinent part that "[e]rror in the citation ... shall not be ground for dismissal of the indictment or information ... if the error ... did not mislead the defendant to his prejudice." Rule 7(c)(3) reflects the longstanding notion that the written statements contained in an indictment, not the citation to statute, are the controlling feature of the indictment. *See United States v. Hutcheson,* 312 U.S. 219, 229, 61 S.Ct. 463, 464, 85 L.Ed. 788 (1941); *United States v. Wuco,* 535 F.2d 1200 (9th Cir.), *cert. denied,* 429 U.S. 978, 97 S.Ct. 488, 50 L.Ed.2d 586 (1976). Rule 7(c)(3) applies simply to "informations." It does not distinguish between indictments and informations used to charge a defendant with a crime and informations used for sentencing enhancement purposes. As *Olson* indicates, an enhancement information performs a function in sentencing analogous to the function an indictment or information performs in bringing the initial charges. Thus, Rule 7(c)(3) applies to sentencing enhancement informations.

■ Incorrect citations of statutes are harmless under Rule 7(c)(3) unless the defendant was misled to his prejudice. *United States v. Boyett,* 923 F.2d 378, 378 n. 1 (5th Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 53, 116 L.Ed.2d 30 (1991). Garcia cannot reasonably contend that he was misled by the government's citation in the information to 21 U.S.C. § 962 rather than 21 U.S.C. § 851. At the rearraignment, prior to accepting Garcia's guilty plea, the district judge explained to Garcia that he was subject to an enhanced sentence for the prior convictions listed in the information. The judge referred to the convictions listed on the information and Garcia acknowledged that he had in fact been convicted of those offenses. Garcia also indicated that he understood that, because of the prior convictions, the maximum sentence for the instant drug offense was subject to doubling under the statute. Clearly, Garcia (and his attorney) were aware that the government intended to exercise its discretion to request an enhanced sentence for Garcia's drug offense, and they were aware of the specific convictions. Garcia makes much of the fact that § 962 enhancement applies to the subchapter covering drug import and export offenses. But the indictment did not charge Garcia with any such offense, so he knew he was not being prosecuted under that subchapter. In short, Garcia was not misled in any way about the government's intention to seek enhancement of his sentence for the violations charged in the indictment. The incorrect citation was harmless.

**B. Failure to Advise of Procedure for Challenging Prior Conviction**

■ Garcia next argues that he is entitled to vacation of his sentence and resentencing because the district judge failed to follow the procedures mandated by 21 U.S.C. § 851(b). That part of the enhancement statute provides:

If the United States attorney files an information under [section 851], the court shall after conviction but before pronouncement of sentence inquire of the person with respect to whom the information was filed whether he affirms or denies that he has been previously convicted as alleged in the information, and shall inform him that any challenge to a prior conviction which is not made before sentence is imposed may not thereafter be raised to attack the sentence.

Garcia relies on *United States v. Garcia,* 526 F.2d 958 (5th Cir.1976), and *United States v. Cevallos,* 538 F.2d 1122 (5th Cir. 1976), for the proposition that a sentencing judge's failure to comply with this section requires that we give the defendant an opportunity to be resentenced in accordance with the proper procedures. The government concedes that the judge never admonished Garcia of the proper timing of

a challenge to his prior convictions, but points out that the judge questioned Garcia at the rearraignment hearing about the priors and elicited Garcia's admission that the convictions were his. Because Garcia affirmed the existence of the convictions and never indicated to the district court or on appeal what challenges he was prepared to level, the government argues, the judge's substantial compliance with § 851(b) is enough to warrant the denial of relief. We agree that Garcia's sentence need not be vacated, in part because of the reasons the government advances, and in part because Garcia failed to comply with the statutory prerequisite to challenging a prior conviction.

▆ Although the two Fifth Circuit cases upon which Garcia relies suggest that substantial compliance with § 851(b) is insufficient, the statements in both cases are no more than dicta. In *Garcia*, we vacated a sentence and remanded for re-sentencing where the judge, prior to imposing an enhanced sentence for a violation of 21 U.S.C. § 841, neither questioned the defendant about the prior conviction in the enhancement information nor warned him that any challenge to the conviction must be brought prior to sentencing. 526 F.2d at 961. The only acknowledgement of the prior conviction was given by the defendant's attorney at the sentencing hearing in response to the judge's statement that he recalled the defendant admitting to the prior conviction at the trial. The attorney merely stated "I believe [the defendant] testified to that fact, Your Honor." *Id.* Before vacating for failure to comply with § 851(b), we noted that "[i]f Garcia's admission of a narcotics offense identified it as the offense set forth in the information it could be plausibly urged that there was substantial compliance with the statute." *Id.* at 961. In the next sentence, however, we suggested that "it is doubtful that a substantial compliance would suffice." *Id.*

We referred to this latter sentence in *Cevallos*, another case in which the government argued that substantial compliance with § 851(b) was sufficient, but we emphasized that the violation of § 851(b) in *Cevallos* was more egregious than the violation in *Garcia;* indeed, in *Cevallos* there was a "complete failure to comply with § 851(b)." *Cevallos*, 538 F.2d at 1127. As in *Garcia*, we remanded for resentencing "in full compliance with the procedures of the enhancement statute." *Id.* at 1128. It is apparent that in both *Garcia* and *Cevallos*, the district judge had completely failed to comply with § 851(b) procedures.[3] The question whether partial compliance was substantial enough to render the sentence lawful was therefore not before the court. Garcia mischaracterizes the proceedings in this case when he argues that "the district court completely failed to comply with § 851(b)..." because, as noted earlier, Garcia admitted in response to questioning at the rearraignment hearing that the 1987 conviction was his.[4]

We consider more significant in this case the fact that Garcia never revealed to the district court or to this court the basis for any challenge to his prior convictions. A defendant who wishes to challenge prior convictions being used for enhancement purposes has available to him the comprehensive procedures of § 851(c), but he must give advance notice to the court and the government of the basis for his challenge. Section 851(c)(1) directs a defendant who claims the invalidity of any alleged prior conviction to "file a written response to the information" and to serve a copy on the United States attorney. There is no indication in the record that Garcia has ever complied with this mechanism for notifying the district court of the substance of a challenge. Moreover, as the government points out, Garcia has neither argued in

---

3. Although the court in *Cevallos* expressed a belief that the violation in that case was more egregious than in *Garcia*, it is clear that the defendant in *Garcia* was never given a chance to affirm or deny his prior conviction. We treated this as a failure to comply with § 851(b). *Garcia*, 526 F.2d at 961.

4. Although Garcia was not asked whether the 1990 federal drug conviction was his, this fact does not affect our disposition. The same judge presided over both convictions, so it was unnecessary, given the purposes of this questioning we discuss in the text, to ask Garcia whether he was the person convicted of the 1990 offense.

this court that he would have raised a challenge to his prior convictions had he been warned nor apprised us of whether he even has a viable challenge. In a similar vein, we have held that a district judge's failure to admonish a defendant about his right to challenge a past conviction is harmless if such a challenge is statutorily barred. *See United States v. Nanez,* 694 F.2d 405, 413 (5th Cir.1982), *cert. denied,* 461 U.S. 909, 103 S.Ct. 1884, 76 L.Ed.2d 813 (1983) (holding that where a challenge to the validity of a prior conviction was barred by § 851(e), the district court's failure to inform the defendant of the timing of a challenge did not require a remand for resentencing); *see also United States v. Weaver,* 905 F.2d 1466, 1482 (11th Cir. 1990), *cert. denied,* — U.S. ——, 111 S.Ct. 972, 112 L.Ed.2d 1058 (1991) (where § 851(e) bars challenge to prior conviction, failure to comply with warning requirement of § 851(b) does not require remand); *United States v. Housley,* 907 F.2d 920, 921–22 (9th Cir.1990) (same).

While § 851(e) would not bar a challenge to either of the prior convictions alleged in the information in this case, we find that Garcia's conduct has the same effect as the § 851(e) bar in *Nanez.* Garcia's failure to comply with the procedures of § 851(c), when coupled with the absence of any suggestion by Garcia (to this court or the district court) that the judge's omission precluded him from presenting a specific challenge to one or both of the prior convictions, renders harmless the judge's failure to comply with the warning component of § 851(b).

### III. CONCLUSION

For all the foregoing reasons, Garcia's sentence is AFFIRMED.