**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Octavio Hernandez SUAREZ,
Defendant—Appellant.**

No. 04–10425.

United States Court of Appeals,
Ninth Circuit.

Submitted June 12, 2006.*

Decided June 16, 2006.

USSAC–Office of the U.S. Attorney, Sacramento, CA, for Plaintiff—Appellee.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Michael B. Bigelow, Esq., Sacramento, CA, for Defendant—Appellant.

Before: FERNANDEZ, KLEINFELD and BERZON, Circuit Judges.

## MEMORANDUM **

Octavio Hernandez Suarez appeals from the district court's judgment and 240–month sentence imposed following his jury trial conviction for conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 846(a)(1), 841(a)(1), and possession with intent to distribute methamphetamine, aiding and abetting, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

■ Suarez contends that during his closing argument, the prosecutor committed misconduct by using Suarez' prior drug conviction to argue that Suarez had the propensity to commit the instant offense. Because Suarez did not raise an objection below, we review for plain error. Fed.R.Crim.P. 52(b); *United States v. Olano*, 507 U.S. 725, 730, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). The record reveals that the prosecutor expressly told the jury that he was offering the prior conviction for the limited purpose of showing Suarez' intent to be at the location, he limited his remarks to that purpose, and the district court gave a limiting jury instruction to that effect. Accordingly, there is no error, let alone plain error. *See United States v.*

*McChristian*, 47 F.3d 1499, 1508 (9th Cir. 1995).

■ Suarez also contends that his sentence should be remanded because the district court failed to comply with 21 U.S.C. § 851's requirement that the district court ask the defendant to affirm his prior conviction. This contention is also reviewed for plain error because Suarez did not object in the district court. *See Olano*, 507 U.S. at 730, 113 S.Ct. 1770. The record reveals that the district court satisfied Section 851's requirement by asking both defense counsel and Suarez personally if they affirmed the prior conviction, which they both did. Accordingly, there is no error. *See United States v. Harris*, 592 F.2d 1058, 1059–60 (9th Cir.1979).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

