**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   15-30158 |
| Plaintiff-Appellee, | D.C. No.<br>4:14-cr-00096-BMM-14 |
| v. | |
| EDUARDO OCEGUEDA-RUIZ, AKA<br>Miguel Cuenca-Sepulveda, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Brian M. Morris, District Judge, Presiding

Argued and Submitted October 3, 2016
Seattle, Washington

Before: W. FLETCHER, GOULD, and N.R. SMITH, Circuit Judges.

Eduardo Ocegueda-Ruiz appeals his jury convictions and sentences for drug

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

and firearm offenses.[1] We affirm.

1.     On de novo review, the district court did not err in failing to give the jury a multiple conspiracies instruction that had no foundation in the evidence. A multiple conspiracies instruction is warranted where a jury could reasonably interpret the evidence presented at trial to show separate conspiracies and there is a risk that the defendant may be convicted on the basis of acts committed by those in a conspiracy of which he was not a part. *See United States v. Moe*, 781 F.3d 1120, 1127 (9th Cir. 2015), *cert. denied*, 136 S. Ct. 342 (2015); *United States v. Anguiano*, 873 F.2d 1314, 1317–18 (9th Cir. 1989). The risks associated with multiple conspiracies are generally absent where a defendant is tried alone. *See Anguiano*, 873 F.2d at 1318.

The fact that Ocegueda-Ruiz was tried alone tends to negate the risks that

---

[1]     A jury convicted Ocegueda-Ruiz of all charges that went to trial: (Count I) conspiracy to possess with intent to distribute and conspiracy to distribute 50 grams or more of pure methamphetamine, and 500 grams or more of a substance with a detectable amount of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 846; (Count V) possession with intent to distribute 50 grams or more of pure methamphetamine and aiding and abetting the same in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1); (Count XX) possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. §§ 2, 924(c)(1)(A); (Count XXI) possession of a firearm having previously been convicted of a felony in violation of 18 U.S.C. § 922(g)(1); and (Count XXII) possession of a firearm while an alien illegally in the United States in violation of 18 U.S.C. § 922(g)(5). The district court sentenced Ocegueda-Ruiz to life without the possibility of release for Counts I and V, five years consecutive to the life sentences for Count XX, and 120 months concurrent to the life sentences for Counts XXI and XXII.

would be present if the proof showed multiple conspiracies. Further, the proof clearly shows only a single conspiracy. Ocegueda-Ruiz admits that the United States presented evidence at trial of a "conspiracy involving Ocegueda-Ruiz, Griner, Michelle Yallup, Leland, and Rodriguez." Although he also argues that "the evidence adduced at trial established two separate conspiracies," he fails to identify evidence of a second conspiracy. Instead, Ocegueda-Ruiz implies that the second conspiracy was the larger conspiracy alleged in the indictment. However, he concedes that the United States presented no evidence of this broader conspiracy. Without any evidence of a conspiracy that is separate from the one in which Ocegueda-Ruiz admits he participated, the district court did not err in rejecting the multiple conspiracies instruction.

To the extent that Ocegueda-Ruiz argues he was subject to a prejudicial variance, because the indictment alleged a conspiracy broader in time, area, and participants than the United States proved at trial, we disagree. Where the allegations of an indictment vary from the proof presented at trial, "prejudice may result in three ways: 1) inadequate opportunity to prepare a defense and exposure to unanticipated evidence at trial; 2) deprivation of the right to be tried only on charges presented in an indictment returned by a grand jury; and 3) exposure to prejudicial evidentiary spillover." *United States v. Morse*, 785 F.2d 771, 775 (9th Cir. 1986) (citations omitted). Any variance between the broader facts alleged and

the narrower proof at trial did not prejudice Ocegueda-Ruiz. First, he has not claimed he had inadequate opportunity to prepare or that he was surprised by any of the government's evidence. Second, he was not deprived of his grand jury right because "[t]he proof at trial did not broaden or go beyond the allegations in the indictment." *Id*. Third, because the evidence at trial related to only a single conspiracy, there is no risk that Ocegueda-Ruiz was convicted on the basis of "spillover evidence" regarding conduct of those involved in a separate conspiracy.

2.      The district court did not plainly err as to the jury instructions it gave regarding unanimity. "[A] specific unanimity instruction is required if there is a 'genuine possibility of jury confusion' or a possibility 'that a conviction may occur as the result of different jurors concluding that the defendant committed different acts.'" *United States v. Lapier*, 796 F.3d 1090, 1096 (9th Cir. 2015) (quoting *United States v. Payseno*, 782 F.2d 832, 836 (9th Cir. 1986)); *Anguiano*, 873 F.2d at 1319–20. Ocegueda-Ruiz argues there is a genuine possibility the jury was confused, because the evidence at trial showed more than one conspiracy but failed to show his connection to the broader conspiracy alleged in the indictment. Ocegueda-Ruiz belies this argument by admitting that he was involved in a conspiracy with some of those named in the indictment and that there was no evidence pertaining to the remaining named individuals. Additionally, the district court's conspiracy instructions specifically included language to ensure a

4

unanimous verdict: "You must find that there was a plan to commit as least one of the crimes alleged in the indictment as an object or purpose of the conspiracy *with all of you agreeing as to the particular crime which the conspirators agreed to commit*."

3.      Ocegueda-Ruiz's ineffective assistance of counsel arguments do not present the exceptional circumstances required to depart from the well-established rule that such claims are better resolved on collateral review, after the record has been more fully developed as to the specific conduct challenged. *See United States v. Benford*, 574 F.3d 1228, 1231 (9th Cir. 2009).

4.      Any error the district court allegedly committed with respect to 21 U.S.C. § 851(b) was harmless. When the United States seeks a sentence enhancement under 21 U.S.C. §§ 841(b)(1)(A) and 851(a), the district court must: (1) inquire whether the defendant affirms or denies the prior convictions, and (2) inform the defendant that he may not collaterally attack the prior convictions. 21 U.S.C. § 851(b). Reviewing the record, the district court performed the inquiry by addressing the convictions at sentencing and giving Ocegueda-Ruiz an opportunity to be heard. *See United States v. Harris*, 592 F.2d 1058, 1059–61 (9th Cir. 1979) (applying prior version of statute).

Even if the court failed to inform Ocegueda-Ruiz that he could not later challenge his prior convictions, such error was harmless. He could not have

5

challenged two of his prior felony drug convictions, because they occurred more than five years before the United States filed its information. *See* 21 U.S.C. § 851(e). Because 21 U.S.C. § 841(b)(1)(A) requires a life sentence in the case of "two or more prior convictions for a felony drug offense," the district court would have been equally bound to impose the sentence even if Ocegueda-Ruiz had successfully challenged his most recent felony drug conviction.

5.      Based on this record, Ocegueda-Ruiz's constitutional challenges to his sentence are not supported by the law of our circuit. *See, e.g.*, *United States v. Labrada-Bustamante*, 428 F.3d 1252, 1265 (9th Cir. 2005) ("[M]andatory minimum sentencing schemes have been consistently upheld against constitutional challenge." (quoting *United States v. Wilkins*, 911 F.2d 337, 339 (9th Cir. 1990))); *United States v. Major*, 676 F.3d 803, 811–12 (9th Cir. 2012) (rejecting separation of powers and Eighth Amendment arguments).

**AFFIRMED.**