**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Miquan LEACH, Defendant–Appellant.**

No. 00–5394.

United States Court of Appeals,
Sixth Circuit.

June 18, 2001.

Before BATCHELDER and MOORE Circuit Judges; BERTELSMAN *, District Judge.

ALICE M. BATCHELDER, Circuit Judge.

Miquan Leach ("Leach") appeals his sentence, imposed after he pled guilty to possessing with intent to distribute approximately 36 .8 grams of cocaine base. Leach complains that his sentence was improperly enhanced under 21 U.S.C. § 851(a) because the prior conviction contained in the information filed by the government did not meet the requirements of § 851(b)(2) and because the district court did not engage in the colloquy required by 21 U.S.C. § 851(b) before it sentenced him to ten years in federal prison. He also challenges the district court's refusal to award him a 2–point reduction for being a minor participant. Finding no merit to these contentions, we will affirm the judgment of the district court.

Police officers in Union City, Tennessee, executed a search warrant on a house on North Home Street in Union City on February 22, 1999. After knocking and announcing their presence, the police officers entered the house, which is located within 1,000 feet of an elementary school and a city park. When police entered the house, Leach and Damon Biffle bolted for the back door. Before they could escape, the police subdued them.

Searching the house, police found 10.9 grams of crack cocaine. Leach then gave officers permission to search a second house—a house that Leach shared with his girlfriend. Searching the second house, police found about 25.9 grams of crack cocaine. When questioned at the police station, Leach admitted that the 25.9 grams belonged to him.

The government filed a twelve-count superseding indictment against Leach and eight others on November 22, 1999. Count One of that indictment charged Leach with conspiring to distribute more than 50 grams of crack cocaine. Count Ten charged Leach with possessing and intending to distribute 36.8 grams of crack cocaine (the 10.9 grams found at North Home Street plus the 25.9 grams found in the house that Leach shared with his girlfriend). Leach was not charged in the other ten counts of the indictment. The day that Leach's trial was to begin, Leach decided to plead guilty to Count Ten in exchange for the government's dismissing him from Count One.

At the outset of the plea hearing, the Assistant United States Attorney ("AUSA") offered for filing an "Information Regarding Previous Conviction." At that point, the following exchange occurred:

AUSA: Before we get started with Mr. Leach's change of plea, I wanted to file an information in open court concerning a prior conviction for Mr. Leach. I had told—His lawyer and I had spoken about it earlier today, and she's aware that we were going to file that prior to the change of the plea.

COURT: Ms. Smothers, are you familiar with this?

SMOTHERS: Yes, Your Honor, I have a copy.

COURT: Okay, the information regarding previous convictions has been filed. Ms. Hern, you can mark that filed at this point.

The district court clerk docketed the Information, which states that in December of 1995, the County Circuit Court for

---

* The Honorable William O. Bertelsman, United States District Court for the Eastern District of Kentucky, sitting by designation.

Winnebago County, Illinois sentenced Leach to two years' probation for "Manufacturing/Delivery [of] Cocaine." At a later point in the plea hearing, as the district court was explaining to Leach the total possible sentence that could be imposed, the AUSA reminded the court that Leach's minimum sentence might double because of Leach's prior cocaine conviction in Illinois. The court paused and asked if Leach understood the implications of the prior conviction and the government's notice that it would seek an increase in Leach's sentence because of that prior conviction:

> AUSA: Your Honor, I wanted to point out, because the government has filed the enhancement, in essence, the minimum sentence is doubled from five to ten.
>
> COURT: All right. I wasn't aware of the enhancement until just now. But, Mr. Leach, do you understand that the filing of that notice of enhancement means that your penalties are doubled and—the minimum is doubled, so it's at least ten years in jail and up to forty. Do you understand that?
>
> LEACH: Hold on before I answer that question.
>
> COURT: Yes, sir.
>
> (Leach confers with his lawyer, Ms. Smothers.)
>
> LEACH: Yes, I understand that, Your Honor.

After this short colloquy, the government explained that, had the case gone to trial, the government would have proved that Leach had admitted possessing at least 25.9 grams of the 36.8 grams of crack cocaine that were the subject of Count Ten—the count to which Leach was pleading guilty. The court then asked Leach if the 25.9 grams were his, and Leach confirmed that they were.

After Leach pled guilty, the government filed a Presentence Investigation Report ("PSR"). The Illinois cocaine conviction appears in paragraphs 25, 29 and 30 of that report and on the Criminal History Worksheet attached to the report. Paragraph twenty-five of the PSR explains that Leach pled guilty to the Illinois cocaine charge.

Although Leach filed objections to the PSR, he did not object to the paragraphs which referenced the Illinois conviction. Addressing paragraph 25, Leach said that he had "[n]o dispute as to this charge." Responding to paragraphs 29 and 30 in the PSR, which further explained that Leach had entered into a plea agreement on the Illinois charge and that he served probation, Leach said: "No dispute."

At the sentencing hearing, both the minor-participant reduction and the enhancement were discussed. Leach objected only to the court's denying him a minor-participant reduction. Responding to Leach's objection, the district court determined that Leach "may have been less involved than some of the others in the overall conspiracy . . . but on . . . count number 10 . . . it's clear that [Leach was] not a minor participant in that crime[.]" Based on this determination, the court rejected Leach's request for a minor-participant reduction on Count Ten.

■ On appeal, Leach complains that the district court did not comply with 21 U.S.C. § 851(b). That section requires that prior to imposing sentence, the court shall

> . . . inquire of the person with respect to whom the information was filed whether he affirms or denies that he has been previously convicted as alleged in the information, and shall inform him that any challenge to a prior conviction which is not made before sentence is imposed may not thereafter be raised to attack the sentence.

21 U.S.C. § 851(b). Leach contends further that § 851(a)(2) does not permit the filing of an information unless the offense raised in that information was prosecuted by indictment or the defendant waived indictment; because the information filed by the government in this case contains no facts demonstrating that the Illinois conviction is properly the subject of a § 851(a) information, Leach asserts, the information was not proper under the statute and he was not required to make any response or objection. Notably, Leach does not cite any authority for the latter proposition, nor does he challenge the fact of the Illinois conviction.

The government concedes that the district court did not comply with § 851(b), but points out that in *United States v. Hill*, 142 F.3d 305, 313 (6th Cir.1998), this court held that a district court's failure to make the inquiry and issue the caution required by § 851(b) is harmless error when the defendant, having notice that the government will seek an enhancement, fails to follow the procedures set down in 21 U.S.C. § 851(c). The government further points out that before the district court, Leach raised no objection whatsoever to the information filed by the government.

In *Hill*, we agreed with the Fifth Circuit that § 851(c) requires a defendant to "give advance notice concerning the basis of his challenge" to the validity of the prior convictions. *Id.* (citing *United States v. Garcia*, 954 F.2d 273, 278 (5th Cir.1992)). Here, as in *Hill*, there is "no indication in the record that defendant ever complied with the mechanisms of section 851(c)[.]" *Hill*, 142 F.3d at 313. Leach identifies no action that we might construe as an attempt to challenge the Illinois cocaine conviction. Like Hill, Leach made no objection to the portions of the presentence report that referred to the prior conviction. Indeed, the record shows not only that Leach has never disputed the Illinois

cocaine conviction—even in Illinois, he pled guilty to the charge—he specifically stated in his response to the presentence report that he did not dispute the conviction. Finally, although Leach's counsel mentioned the enhancement at least twice during the sentencing hearing, she never challenged the enhancement itself or the prior conviction that supported the enhancement.

We recognize that one of the bases for the finding of harmless error in *Hill* is not present here because a challenge to Illinois conviction would not be time-barred under the statute of limitations contained in § 851(e). *See Hill*, 142 F.3d at 313 (noting that, in any event, the conviction at issue could not be collaterally attacked because it occurred more than five years before the information was filed.) Nonetheless, the finding of harmless error in *Hill* was independently grounded on the failure of the defendant to give advance notice concerning the basis of his challenge to the conviction as required by § 851(c). Here, Leach not only failed to give any such notice, he explicitly stated that he did not challenge the Illinois conviction. We hold that the district court's failure to recite the inquiry and cautionary instruction required by § 851(b) was harmless error.

■ Leach also argues that 21 U.S.C. § 851(a)(2) requires the government to show that Leach either "waived or was afforded prosecution by indictment" in the Illinois cocaine-trafficking case. Not surprisingly, Leach cites no authority for this contention.

Section 851(a)(2) provides:

An information may not be filed under this section if the increased punishment which may be imposed is imprisonment for a term in excess of three years unless the person either waived or was afforded prosecution by indictment *for*

*the offense for which such increased punishment may be imposed.*

21 U.S.C. § 851(a)(2) (emphasis added). It is clear from the language of this section and the law of this circuit that the section applies to the offense of conviction in this federal case, wherein Leach's sentence was enhanced, and not to the Illinois conviction that was the basis for enhancing Leach's sentence in this case. *See United States v. Gaitan–Acevedo,* 148 F.3d 577, 594 (6th Cir.1998) (§ 851(a)(2) "refer[s] to the federal offense for which the mandatory sentence is sought," not the prior conviction that is the basis for an enhancement of the mandatory sentence.). Section 851(a)(2) is satisfied here. Leach was indicted for the offense that was the subject of Count Ten and pled guilty to the indictment. This claim is meritless.

Leach complains that he was a minor participant in the offense and that the district court erred in denying him a 2–point reduction under § 3B1.2 of the Sentencing Guidelines. This claim is likewise without merit.

We review for clear error the sentencing court's factual findings; while giving due deference to the sentencing court's application of the guidelines to those facts, we review de novo the court's legal conclusions. *United States v. Robinson,* 152 F.3d 507, 509 (6th Cir.1998). To receive a minor-participant reduction, Leach was required to show by a preponderance of the evidence that he was "less culpable than most other participants," *United States v. Perry,* 908 F.2d 56, 58 (6th Cir.1990), and that he was "substantially less culpable than the average participant." *Id.* Leach failed to make that showing.

Leach maintained at sentencing that "his involvement was less than other charged defendants as shown by recorded conversations of drug transactions." The district court agreed that as to the overall conspiracy, Leach was indeed a minor participant. But the court pointed out that as to Count Ten of the indictment, the count to which Leach had pled guilty and for which he was being sentenced, Leach was no minor participant. We think the district court was entirely correct. Leach admitted during his plea hearing that he possessed and intended to distribute 36.8 grams of crack cocaine. Leach presented no evidence at sentencing comparing his role to that of his co-defendants on Count Ten. We conclude that Leach failed to carry his burden under *Perry.* For the foregoing reasons, we AFFIRM the judgment of the district court.