**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Clifford George SIHLER,
Defendant-Appellant.**

**No. 77–5171
Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Nov. 4, 1977.

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York* et al., 5 Cir., 1970, 431 F.2d 409, Part I.

■■■■■■■

John R. Martin, Asst. Public Defender, Atlanta, Ga., for defendant-appellant.

Wm. L. Harper, U. S. Atty., Robert A. Boas, Jeffrey B. Bogart, Asst. U. S. Attys., Atlanta, Ga., for plaintiff-appellee.

■■■■■■■

Before COLEMAN, GODBOLD and TJOFLAT, Circuit Judges.

TJOFLAT, Circuit Judge:

Appellant Sihler, an employee at the United States Penitentiary in Atlanta, Georgia, was convicted in a federal district court for possessing marijuana with intent to distribute in violation of 21 U.S.C. § 841(a)(1) (1970). Sihler claims that his conviction is infirm because it was based upon the fruits of a warrantless search by prison officials. The government was permitted to show that after the marijuana was seized Sihler was advised of his Miranda[1] rights and subsequently admitted that he was to be paid $500 to distribute the marijuana among prison inmates. We reject Sihler's contentions that the search violated his Fourth Amendment rights and affirm.

Sihler had been an employee at the prison since October 1970. On June 29, 1976, Henry J. Cox, a special intelligence supervisor at the penitentiary, received information from a reliable and credible informant that Sihler would be bringing narcotics into the prison on the following day. Cox had previously received information that Sihler had been involved in smuggling contraband to Atlanta inmates. In consequence of this information, Sihler was stopped as he entered the penitentiary on June 30, 1976 carrying a brown paper "lunch bag." He was immediately brought to the Warden's conference room to meet with prison and FBI officials. Once in the room, Sihler was advised that he was suspected of dealing in narcotics and that he was going to be searched. His response to this was "Well, all right go ahead." His lunch bag was opened and the marijuana was uncovered. At that point he was advised of his Miranda rights whereupon he confessed to his smuggling role.

■■■ Although Sihler argues that the informant's tip did not provide probable cause for the warrantless search, we find it unnecessary to resolve that issue. It is established that a search conducted with one's consent need not meet the probable cause and warrant requirements of the Fourth Amendment, and we are convinced that the search here was conducted with Sihler's consent.[2] The record before us indicates that for at least nine months preceding the search a large sign was maintained on the main entrance door to the prison. The sign read,

WARNING

ANY PERSON WHO INTRODUCES OR ATTEMPTS TO INTRODUCE ANY ITEM NOT SPECIFICALLY AUTHORIZED BY THIS INSTITUTION INTO OR UPON THIS INSTITUTION PROPERTY SHALL BE PROSECUTED UNDER THE PROVISIONS OF TITLE 18 UNITED STATES CODE, SECTION 1971 [1791], ALL PERSONS ENTERING UPON THESE CONFINES ARE SUBJECT TO ROUTINE SEARCHES OF THEIR PERSON, PROPERTY OR PACKAGES.

1. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

2. While, generally, searches and seizures conducted without the benefit of warrants or probable cause are violative of Fourth Amendment proscriptions, e. g., Katz v. United States, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967),

there are, however, a few carefully delineated exceptions. Among these exceptions is the search based on the consent of the person being searched. See e. g., Schneckloth v. Bustamonte, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973); United States v. Pena, 542 F.2d 292 (5th Cir. 1976).

This sign was of approximately two feet by two feet in dimension and was prominently displayed at eye level on the front door of the penitentiary. Sihler passed through this door almost every day as he reported for work. He had been advised upon his hiring that he was not to bring any contraband into the prison. The record additionally demonstrates that Sihler, at the time of this incident, had earned 87 college credits and spoke fluent English. Furthermore, Sihler admitted that on several occasions during his tenure as a prison employee he had heard of instances where persons entering the prison were routinely searched. Under these circumstances in which Sihler voluntarily accepted and continued an employment which subjected him to search on a routine basis, we find that the search in question was made with his consent. Although the consent was required, it was nonetheless freely and voluntarily given and not the product of coercion. *Cf. Mason v. Pulliam*, 557 F.2d 426 (5th Cir. 1977).

■ Requiring such consent as a condition of employment, and therefore access to the prison, seems to us to be a reasonable security measure. It is no less reasonable in a prison than in any other governmental facility where to gain access one must submit to routine searches. *E. g., United States v. Ellis*, 547 F.2d 863 (5th Cir. 1977). In *Ellis*, a panel of this court concluded that a Naval Air Station restriction requiring a visitor to consent to a routine search was a valid condition to entry. In that case the defendant was given a visitor's pass which recited that acceptance of the pass manifested the guest's consent to being searched while on the base. We can see no less justification for requiring such consent as a condition for gaining access to a federal penitentiary. *See Lanza v. State of New York*, 370 U.S. 139, 82 S.Ct. 1218, 8 L.Ed.2d 384 (1962).[3]

Because we find that Sihler consented to the instant search and that the consent was a reasonable condition of his employment

the presence or absence of probable cause behind the search is of no moment. We note in passing Sihler's argument that even if he had consented to a routine search he did not consent to a specific one. This contention is without merit. It is anomalous indeed for one to contend that he consents to purely arbitrary searches and not to searches based on some degree of suspicion or probable cause.

AFFIRMED.

---

**3.** For present purposes we need not go as far as one court did in holding that a prison employee is entitled to abide no expectation of privacy while on prison grounds. *See United States v. Kelley*, 393 F.Supp. 755 (W.D.Okl. 1975).