UNITED STATES of America, Appellee,

v.

Orlando Rene MONIE, Appellant.

No. 89–1390SI.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 14, 1989.

Decided July 2, 1990.

William A. Price, Des Moines, Iowa, for appellant.

Ronald M. Kayser, Des Moines, Iowa, for appellee.

Before McMILLIAN, Circuit Judge, HEANEY, Senior Circuit Judge, and FAGG, Circuit Judge.

FAGG, Circuit Judge.

Orlando Rene Monie appeals his conviction for possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) (1982). Monie contends the district court erroneously denied his motion to suppress cocaine discovered during the warrantless search of two locked suitcases after a traffic stop. The district court concluded the search did not violate Monie's fourth amendment rights. We affirm.

An individual identified as B.C. hired Monie to drive a rented automobile from the West Coast to the Midwest. When the automobile was delivered to Monie, there were two locked suitcases in the trunk. B.C. kept the keys to the suitcases. Monie knew B.C. was a drug dealer and believed the suitcases contained drugs. Monie was

instructed to drive to a Midwest destination, park the automobile, and fly back to the West Coast, leaving the suitcases in the trunk.

Two women and a small child accompanied Monie on his trip. One of the women was driving when a state trooper stopped the automobile for speeding on an Iowa interstate highway. The trooper making the stop became suspicious because the driver had no valid driver's license and the occupants of the automobile were unable to answer questions about their destination and the purpose of the trip. Another trooper arrived at the scene, and the driver permitted the troopers to search the automobile's passenger compartment and trunk. The search of the passenger compartment revealed nothing.

Monie voluntarily unlocked the trunk for the troopers. The troopers searched the trunk, and they opened luggage belonging to Monie and his companions. When questioned about the two locked suitcases, Monie denied ownership, disclaimed any interest in their contents, and told the troopers he did not have the keys to the suitcases. By forcing the zippers of the suitcases, the troopers looked inside and discovered eighty-six kilograms of cocaine. Monie and his companions never objected to the troopers' search of their personal luggage or the locked suitcases.

Monie does not contest the district court's finding that the troopers had consent to search the automobile and trunk, but contends the consent did not extend to a search of the locked suitcases. We need not decide this question because we agree with the district court that Monie had no "subjective privacy expectation [in] the suitcases."

▪▪▪ Fourth amendment rights are personal, *United States v. Nabors*, 761 F.2d 465, 468 (8th Cir.), *cert. denied*, 474 U.S. 851, 106 S.Ct. 148, 88 L.Ed.2d 123 (1985), and Monie bears the burden of proving his own legitimate expectation of privacy was violated by the challenged search, *United States v. Macklin*, 902 F.2d 1320, 1330 (8th Cir.1990). Whether Monie has a constitutionally protected expectation of privacy involves a two-part inquiry. *California v. Ciraolo*, 476 U.S. 207, 211, 106 S.Ct. 1809, 1811, 90 L.Ed.2d 210, 215 (1986); *McDonell v. Hunter*, 809 F.2d 1302, 1306 (8th Cir. 1987). The first inquiry is whether Monie exhibited an actual subjective expectation of privacy in the objects of the challenged search—in this case, the locked suitcases. *Ciraolo*, 476 U.S. at 211, 106 S.Ct. at 1811. The second inquiry is whether society is willing to recognize that expectation as reasonable. *Id.* The first inquiry is a question of fact reviewed under a clearly erroneous standard, and the second is a question of law subject to de novo review. *United States v. McKennon*, 814 F.2d 1539, 1543 (11th Cir.1987). Because we dispose of this case on the first level of inquiry, we need not reach the second. *United States v. McBean*, 861 F.2d 1570, 1573 & n. 7 (11th Cir.1988); *McDonell*, 809 F.2d at 1306.

Although the district court gave Monie ample opportunity, he failed to show that he treated the locked suitcases as objects "he [sought] to preserve as private." *Katz v. United States*, 389 U.S. 347, 351, 88 S.Ct. 507, 511, 19 L.Ed.2d 576, 582 (1967). Monie was hired merely to drive an automobile rented by others from one point to another. He knew from the beginning the suitcases and their contents belonged to someone else. He did not have permission to open the suitcases in B.C.'s absence nor any means of access to their contents. Monie did not keep any of his belongings in the suitcases. He did not step in to protect the suitcases when the troopers forced the zippers. All the precautions taken to maintain the secrecy of the suitcases' contents were the handiwork of B.C., not Monie. Indeed, B.C.'s retention of the keys to the suitcases evidenced his intent to control the suitcases and deny Monie any basis for shared authority over their contents. *United States v. Barry*, 853 F.2d 1479, 1482 (8th Cir.1988). When the troopers asked about the suitcases, Monie stated they were not his, the contents belonged to someone else, and he had no access to the contents. In short, Monie not only failed to exhibit a subjective expectation of privacy,

he unequivocally disavowed any expectation. *See United States v. Rush*, 890 F.2d 45, 48 (7th Cir.1989); *McBean*, 861 F.2d at 1574.

After a careful review of the record, we are satisfied the district court correctly ruled that Monie was precluded from challenging the legality of the troopers' search because Monie failed to establish he had a subjective expectation of privacy in the locked suitcases at the time of the challenged search. We affirm.