21 F.3d 432
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 Orlando Rene MONIE, Appellant,
v.
UNITED STATES of America, Appellee.
 No. 93-1846.
 United States Court of Appeals,
Eighth Circuit.
 Filed: April 21, 1994.
 
 Before McMILLIAN, HANSEN and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Orlando R. Monie appeals from the final order entered in the District Court[1] for the Southern District of Iowa, denying his 28 U.S.C. Sec. 2255 motion to vacate his sentence and his motion for reconsideration. For the reasons discussed below, we affirm.
 
 
 2
 In July 1988, Monie was convicted by a jury of one count of possession with intent to distribute approximately eighty-six kilograms of cocaine in violation of 21 U.S.C. Sec. 841(a)(1), (b)(1)(A)(1988). The district court sentenced Monie under the Sentencing Guidelines to 265 months imprisonment, ten years supervised release, community service in lieu of a fine, and a $50 special assessment. Monie's conviction was affirmed on appeal. United States v. Monie, 907 F.2d 793 (8th Cir. 1990). After the government moved to reduce Monie's sentence based on substantial assistance under Fed. R. Crim. P. 35(b), U.S.S.G. Sec. 5K1.1, and 18 U.S.C. Sec. 3553(e), the district court reduced Monie's sentence to 215 months.
 
 
 3
 In August 1992, Monie filed an application for writ of error coram nobis, challenging his sentence. Monie alleged that the government failed to file the required information under 21 U.S.C. Sec. 851, giving him notice of its intent to seek enhancement of his sentence for a prior drug conviction, and that his appointed counsel was ineffective for not objecting to the district court's failure to comply with the Sec. 851(b) procedures or defending against the use of the prior conviction. Thus, Monie asserted, his sentence could not be enhanced; his mandatory minimum sentence should have been ten, not twenty, years; and his ten-year term of supervised release was illegal.
 
 
 4
 The government responded that Monie's application should be construed as a motion to vacate under Sec. 2255 because Monie was still incarcerated. The government also argued that it had filed a Notice of Prior Conviction, advising Monie he would be subject to an enhanced sentence under Sec. 841(b)(1)(A) based on his 1984 California conviction for possession of PCP for sale, and that the mandatory minimum sentence was not discussed at sentencing.
 
 
 5
 The district court construed the motion under Sec. 2255 and denied relief, concluding that the omission of the word "information" from the Notice of Prior Conviction was immaterial, that Monie did not show how he was harmed by the district court's failure to comply with Sec. 851(b), and that Monie did not comply with Sec. 851(c) by filing a written response to the information. The district court stated it had imposed a sentence within the Guideline range (235 to 293 months) and would not have sentenced Monie to any term between 235 and 240 months (the difference between the Guideline- range minimum and the statutory minimum); thus, Monie did not show he was prejudiced by any deficiency of counsel in failing to attack the prior conviction under Sec. 851. The district court denied Monie's motion for reconsideration.
 
 
 6
 In his timely appeal from the judgment and the order denying reconsideration, Monie argues the district court erred in not ordering a competency hearing sua sponte; he was prejudiced by the district court's failure to comply with Sec. 851(b) because he was never given the opportunity to challenge his prior conviction; and his prior conviction could not have been used to enhance his sentence because the quantity of drugs supporting that conviction was not specified. The government argues that the district court's noncompliance with Sec. 851(b) was harmless and resentencing is not required, citing United States v. Garcia, 954 F.2d 273, 277-78 (5th Cir. 1992).
 
 
 7
 Contrary to the facts in United States v. Garcia, Monie never admitted to the prior conviction. See id. at 276. Monie, however, has never asserted what challenges he would have made to the conviction had the district court provided him the opportunity to do so. On its face, the 1984 PCP conviction constitutes a "prior conviction for a felony drug offense" under Sec. 841(b)(1)(A), and Monie has not suggested any reason the conviction is invalid. On the basis of the record before us, we conclude that resentencing would be futile.
 
 
 8
 Construing this as a claim of ineffective assistance of counsel, we conclude that, even if the failure to object to the district court's noncompliance with Sec. 851 can be attributed to deficient performance by Monie's counsel, Monie has not shown how he was prejudiced. See Strickland v. Washington, 466 U.S. 668, 687 (1984).
 
 
 9
 We agree with the district court that Monie's other claims are without merit. We find no abuse of discretion by the district court in its denial of Monie's motion for reconsideration, and we will not consider Monie's claim regarding his competency because it is raised for the first time on appeal.
 
 
 10
 Accordingly, we affirm the judgment of the district court.
 
 
 11
 A true copy.
 
 Attest:
 
 12
 CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.
 
 
 
 [1]
 The Honorable Charles R. Wolle, Chief Judge, United States District Court for the Southern District of Iowa