BROWNING, J.
Pablo Burgos (Appellant) was charged with trafficking in cocaine in an amount of 28 grams or more and less than 200 grams pursuant to section 893.03(2)(a)4., Florida Statutes (2003), or any mixture containing 28 grams or more but less than 200 grams of cocaine pursuant to section 893.135(1)(b)1.a., Florida Statutes (2003). Appellant moved to suppress the drug evidence on the ground that as an overnight guest in the residence searched pursuant to a search warrant, he had a reasonable expectation of privacy in the luggage in the guest bedroom inside which the drugs were found. See Minnesota v. Olson, 495 U.S. 91, 96-97, 110 S.Ct. 1684, 109 L.Ed.2d 85 (1990). Upon the denial of his motion to suppress, Appellant entered a no-contest plea to the charged offense and was adjudicated and sentenced accordingly. He expressly reserved the right to appeal the denial of his motion to suppress. See § 924.051(4) & —.06(3), Fla. Stat. (2003). Given the testimony that the officers discovered Appellant sleeping in the guest bedroom and that the closed luggage was next to Appellant, but that Appellant affirmatively denied any knowledge or owner *220 ship of the luggage searched, he lacked any legitimate expectation of privacy, and the trial court correctly found that Appellant lacked standing to change the search. See Olson, 495 U.S. at 96-97, 110 S.Ct. 1684; United States v. Salvucci, 448 U.S. 83, 91-92, 100 S.Ct. 2547, 65 L.Ed.2d 619 (1980). We AFFIRM the judgment and sentence.
BARFIELD, C.J., and VAN NORTWICK, J., concur.