[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 07-15142
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 8, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-00126-CR-T-24-TBM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MELODY L. ESSER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(July 8, 2008)**

Before BIRCH, BARKETT  and PRYOR, Circuit Judges.

PER CURIAM:

Melody Esser, a former U.S. Postal Service ("USPS") employee appeals her convictions for three counts of receipt of stolen mail, in violation of 18 U.S.C. § 1708, and one count of theft of mail, in violation of 18 U.S.C. § 1709. She argues that her motion to suppress evidence in the district court, based on a search of her purse that was conducted by members of the USPS Inspector's Office, who interrogated her concerning their investigation into pieces of allegedly stolen mail should have been granted. Esser contends that, despite the prominent posting of a sign warning postal employees that purses, briefcases, and other containers brought onto postal property were subject to inspection, she did not give up her Fourth Amendment rights and subject herself and her property to a full search simply by entering postal property. She further argues that the search of her purse was unreasonable, and the public's interest in ensuring that its mail is not stolen by postal employees does not override her Fourth Amendment rights to be secure in her property.

We review the district court's factual findings on a motion to suppress evidence for clear error and its application of the law to these facts de novo, construing the facts in the light most favorable to the prevailing party. United States v. Nunez, 455 F.3d 1223, 1225 (11th Cir. 2006). The Fourth Amendment provides that: "[t]he right of the people to be secure in their persons, houses,

papers, and effects, against unreasonable searches and seizures, shall not be violated . . . ." U.S. Const. amend. IV.  Two requirements must be met before an individual may prevail on a Fourth Amendment claim: (1) the individual must prove a subjective expectation of privacy in the object of the search, United States v. Chaves, 169 F.3d 687, 690 (11th Cir. 1999); and (2) the individual must prove that his subjective expectation of privacy is one that society is prepared to recognize as legitimate, United States v. McKennon, 814 F.2d 1539, 1543 (11th Cir. 1987).  Moreover, although a search generally must be supported by a warrant issued upon probable cause, probable cause is unnecessary if the individual consents to the search. Schneckloth v. Bustamonte, 412 U.S. 218, 219, 222, 93 S.Ct. 2041, 2043-45, 36 L.Ed.2d 854 (1973).

Searches of an employee's private property by government employers or supervisors are subject to the restraints of the Fourth Amendment. O'Connor v. Ortega, 480 U.S. 709, 715, 107 S.Ct. 1492, 1496, 94 L.Ed.2d 714 (1987).  In a governmental workplace, however, the "operational realities . . . may make *some* employees' expectations of privacy unreasonable when an intrusion is by a supervisor rather than a law enforcement official." Id. at 717, 107 S.Ct. at 1497 (emphasis in original).  In fact, "[p]ublic employees' expectations of privacy in their offices, desks, and file cabinets, like similar expectations of employees in the

3

private sector, may be reduced by virtue of actual office practices and procedures, or by legitimate regulation." Id.

In United States v. Sihler, 562 F.2d 349 (5th Cir. 1977), the former Fifth Circuit considered a situation similar to the instant one, where a federal penitentiary employee was suspected of smuggling narcotics into the prison. There was a sign displayed on the front door of the penitentiary, which stated, "all persons entering upon these confines are subject to routine searches of their person, property or packages." Id. at 350. When advised that he was suspected of dealing narcotics and was going to be searched, the employee stated, "[w]ell, all right go ahead," and officials searched the brown paper bag that the employee had brought into the prison with him. Id. The Court found that the search was not violative of the Fourth Amendment because the employee had consented to it, but, notably, the Court based its conclusion not on the employee's statement of consent, but on the fact that he "voluntarily accepted and continued an employment which subjected him to search on a routine basis." Id. at 351. The Court found it relevant that the employee passed through the door with the sign on it almost every day as he reported to work and had been advised, when he was hired, that he was not to bring any contraband into the prison. Id. Further, the

Court concluded that requiring such consent as a condition of employment was a "reasonable security measure." Id.

Here, based on the posted regulation informing individuals entering postal property that purses are subject to inspection, and the office rules that required employees to read all posted regulations, Esser did not have a reasonable expectation of privacy in her purse. Further, by virtue of her voluntary employment and her decision to bring her purse on postal property, she consented to its search. Therefore, her Fourth Amendment rights were not violated.

**AFFIRMED.**