[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

Nos. 09-12916 and 09-14575
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 21, 2010
JOHN LEY
CLERK

D. C. Docket No. 07-00128-CR-CAP-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TREVOR MILLER,
a.k.a. Tony,
a.k.a. Dread,
a.k.a. Derrick,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Northern District of Georgia

_____

(July 21, 2010)

Before BLACK, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Trevor Miller appeals his convictions and sentences for conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 846, 841(b)(1)(B)(ii) (Count 1), conspiracy to import cocaine, in violation of 21 U.S.C. §§ 960(b)(3) & 963 (Count 2), and possession of a firearm during the commission of a drug crime, in violation of 18 U.S.C. § 924(c) (Count 3). On appeal, he argues: (1) the district court erred by denying his motion to suppress money and a gun; (2) there was insufficient evidence to establish venue on Count 3; (3) his above-Guidelines sentence is unreasonable; (4) the district court erred by denying his motion to forbid the government from requiring a sentence-appeal waiver as a condition of a plea bargain; and (5) the district court abused its discretion in denying him access to a coconspirator's presentence investigation report (PSI). After carefully considering Miller's arguments and the parties' briefs, we affirm.

## I. Miller's Motion to Suppress the Money and Gun

The district court did not clearly err in finding that Miller did not have a subjective expectation of privacy in the rental house.[1] To prove his unconstitutional-search claim, Miller "must establish both a subjective and an

_____

[1] We review a district court's denial of a defendant's motion to suppress under a mixed standard of review: we review the district court's findings of fact for clear error and the district court's application of law to those facts *de novo*. *United States v. Ramirez*, 476 F3d 1231, 1235 (11th Cir. 2007). We construe all facts in the light most favorable to the prevailing party, in this case the government. *Id.* at 1236. Whether a claimant has a subjective expectation of privacy in the object of the search is a question of fact that we review for clear error. *United States v. McBean*, 861 F.2d 1570, 1573 (11th Cir. 1988).

2

objective expectation of privacy." *See United States v. Segura-Baltazar*, 448 F.3d 1281, 1286 (11th Cir. 2006). Thus, Miller has the burden of demonstrating "an actual expectation of privacy . . . that society is prepared to recognize as reasonable." *Id.* (citations omitted). Further, because Miller was neither the owner nor the lessee of the rental home, he must "demonstrate a significant and current interest" in the property at the time it was searched. *See United States v. Garcia*, 741 F.2d 363, 366 (11th Cir. 1984).

The district court did not clearly err in finding that Miller has failed to carry his burden in this case. Miller did not have a possessory interest in the rental home because he was never a tenant. A couple named Julian and Denise signed the lease to the rental home in November 2006 and Denise paid the first and last months' rent. The lease for the rental home was a month-to-month lease with an understanding that Bassano, the property manager, would give the occupants between two and three weeks to clear out their belongings if the lease concluded as a result of non-payment. Although Miller did pay rent to Bassano for one month, testimony shows that he did so on behalf of Julian and Denise, not for himself. Moreover, the total rent payments—three months' worth—covered only November, December, and January; no rent was paid in February or March and Bassano was not informed that a rent payment was forthcoming. Because Miller

knew that Bassano would give him at most three weeks to move his belongings out of the house prior to terminating the lease, Miller could not have had an actual expectation of privacy in the rental home when the gun and money were found in March 2007. By that point, rent had been overdue for at least five weeks.

Further, Miller was seen at the property only three times, and Miller could not even identify photos of the home at the suppression hearing. Considering all of this evidence, the district court did not clearly err when it found that Miller lacked a subjective expectation of privacy in the rental home at the time of the March 2007 search. *See United States v. Brazel*, 102 F.3d 1120, 1147–48 (11th Cir. 1997) (holding the defendant lacked a subjective expectation of privacy in an apartment because he had failed to show that "he was the tenant or had an unrestricted right of occupancy or control in the apartment at the time of the search").

## II. Sufficiency of the Evidence as to Miller's § 924(c) Conviction

The Government's evidence was sufficient to prove that venue was proper in the Northern District of Georgia for the § 924(c)(1) gun-possession offense (Count 3).[2] The Supreme Court has held, "[W]here a crime consists of distinct parts which have different localities the whole may be tried where any part can be

---

[2] We review the sufficiency of the evidence *de novo*, viewing the evidence and making all reasonable inferences in favor of the government. *United States v. Gari*, 572 F.3d 1352, 1359 (11th Cir. 2009), *cert. denied*, 130 S.Ct. 1562 (2010).

proved to have been done." *United States v. Rodriguez-Moreno*, 526 U.S. 275, 281 (1999). Thus, "[w]here venue is appropriate for the underlying crime of violence, so too it is for the § 924(c)(1) offense." *Id.* at 282.

In this case, Tiquila Turner testified at trial that, as part of the ongoing drug-trafficking conspiracy to import drugs into the United States, she had made connecting flights in Atlanta with cocaine stored inside her body. This testimony establishes that a portion of the drug-trafficking conspiracy took place in the Northern District of Georgia. Turner then testified that while in Florida, Miller had used a firearm to intimidate her into keeping quiet if she was ever caught with drugs. Thus, because the government presented sufficient evidence to demonstrate that part of the underlying crime took part in Atlanta, the Northern District of Georgia was a proper venue to charge the § 924(c)(1) offense, even though the gun possession itself occurred in Florida. *See Rodriguez-Moreno*, 526 U.S. at 282 (holding that venue was proper in New Jersey even though the gun was used in Maryland, when a portion of the underlying offense occurred in New Jersey).

### III. Reasonableness of Miller's Sentence

The district court did not abuse its discretion in imposing an above-Guidelines sentence for Miller's violation of § 924(c)(1).[3] In *United States v.*

---

[3] We review "all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard." *United States v. Livesay*,

*Pounds*, we held that "every conviction under § 924(c)(1)(A) carries with it a statutory maximum sentence of life imprisonment, regardless of what subsection the defendant is sentenced under." 230 F.3d 1317, 1319 (11th Cir. 2000).

In this case, the permissible sentencing range was between five years' and life imprisonment for Miller's violation of § 924(c). The district court sentenced Miller to 119 months for this count, a sentence that is neither procedurally nor substantively unreasonable. The district court did not procedurally err because it correctly calculated Miller's Guidelines' range, properly considered the § 3553(a) factors, and fully explained its reasoned decision for imposing an above-Guideline's sentence. Both the 119-month sentence for Count 3 and the 240-month total sentence are substantively reasonable, especially considering that Miller's criminal history category did not reflect his previous murder conviction in the United Kingdom.

## IV. Miller's Motion to Forbid Sentence-Appeal Waivers

The district court did not err in denying Miller's motion to forbid the government from seeking a sentence-appeal waiver as a condition to entering into a plea agreement.[4] Sentence-appeal waivers are constitutional, as the right to appeal

---

525 F.3d 1081, 1090 (11th Cir. 2008) (quotation omitted). We review Miller's sentence for both procedural error and substantive reasonableness. *See id.* at 1091.

[4] We review constitutional and jurisdictional issues *de novo*. *United States v. Wright*, 392 F.3d 1269, 1280 (11th Cir. 2004); *In re Donovan*, 532 F.3d 1134, 1136 (11th Cir. 2008).

is not a constitutional right, but is rather statutory in nature. *United States v. Bushert*, 997 F.2d 1343, 1347 (11th Cir. 1993). As such, a sentence-appeal waiver is enforceable if the defendant knowingly and voluntarily consents. *Id.* at 1350.[5]

### V. Miller's Request to Disclose Manning's PSI

The district court did not abuse its discretion in denying Miller's request to disclose coconspirator India Manning's PSI.[6] Generally, it is presumed that courts will not disclose the contents of the PSI of another individual because routinely doing so would have a "chilling effect on the willingness of various individuals to contribute information that will be incorporated into the report." *United States v. Gomez*, 323 F.3d 1305, 1308 (11th Cir. 2003). Thus, a party who requests another's PSI must "demonstrate a compelling, particularized need for disclosure." *Id.* (quotations omitted).

Here, the district court did not abuse its discretion by denying access to Manning's PSI because Miller failed to articulate with particularity any compelling need for the information contained therein.

**AFFIRMED.**

---

[5] Additionally, as the district court explained, the ripeness doctrine prevented the district court from considering the merits of Miller's motion because, at the time Miller filed his motion, there was no pending plea agreement between the parties. *See Nat'l Adver. Co. v. City of Miami*, 403 F.3d 1335, 1339 (11th Cir. 2005).

[6] We review a district court's decision as to whether to disclose a PSI for abuse of discretion. *United States v. Gomez*, 323 F.3d 1305, 1307 (11th Cir. 2003).