*339
 
 CONNER, J.
 

 Eduardo Peraza appeals the denial of his motion to suppress cultivated marijuana found in his garage during the search of his rental residence. He argues the trial court erred in finding that (1) he consented to the search of his home, (2) any consent extended to the garage, and (3) he lacked standing to contest the search of the garage. In addition, Peraza argues the trial court erred because it ignored a prior concession by the State that he had standing to challenge the search of the garage and failed to suppress evidence of the marijuana on grounds he was not in actual or constructive possession of the marijuana. We affirm, finding no error.
 

 Peraza and his girlfriend were arrested after officers found a grow house operation at their residence. Both moved to suppress all evidence seized in the search of the residence, claiming the officers used impermissible and illegal tactics to procure consent to search, and the search went beyond the scope of any consent.
 

 According to testimony presented by the State, two detectives were taking part in a state-wide initiative to investigate suspected marijuana grow houses. Acting on an anonymous tip, the detectives approached Peraza’s residence and knocked on the door. Peraza answered, and the sergeant explained the anonymous tip to Peraza and asked him if the detectives could come in and have a look around the residence. Peraza told the detectives that he did not know of any grow houses inside the residence, but there was a garage in the back of the residence he knew nothing about. He stated that this part of the residence was locked, and he didn’t know what was in there or the individual that came and went from that part of the house. Peraza also told the officers he didn’t have a problem with them looking, but his girlfriend was in the shower. His girlfriend eventually came to the door, and she told the detectives that she wasn’t aware of any grow houses inside the residence. Both Peraza and his girlfriend exited the residence, gave the detectives verbal permission to search the residence, and signed consent waiver forms. One of the detectives testified “Specifically, we asked if we could look in the house, he said, yeah, you can look into it, we asked him can we get into the whole house, he said if you can get into it, you can search it.” Other officers entered the residence and searched the entire home. The officers found evidence of marijuana cultivation throughout the residence. Open food-saver bags, a vacuum sealer, a worksheet with cultivation tips, and a cultivation calendar were in the master bedroom. Marijuana cultivation manuals were on the back of the master bathroom toilet. A key on Peraza’s key chain opened the locked door to the garage, where the growing marijuana was discovered. Both Peraza and his girlfriend were arrested.
 

 Peraza testified to a very different version of events, which the trial court deemed not credible. He testified that the detectives knocked on his door twice and asked if they could search his residence, but each time he told them no. When Peraza opened the door a third time, one of the detectives grabbed him by the arm and pulled him out of the residence. Twenty minutes later, the officers knocked on the door again, and when Peraza’s girlfriend opened the door, she was pulled out of the residence as well. According to Peraza, the officers badgered him and his girlfriend for an hour until they signed the consent forms. He claimed the consent form was never read to them.
 

 At the conclusion of testimony and argument, the trial court found the detective’s version of events to be credible and Pera-za’s version of events not to be credible.
 
 *340
 
 Based on the detective’s testimony, the court found the State met its burden of proving Peraza validly consented to the search of his home. The trial court also found Peraza lacked standing to challenge the search of the garage based on his unequivocal statements that he knew nothing about that part of the residence and didn’t have anything to do with that part of the residence.
 

 A mixed standard of review applies to a trial court’s decision on a motion to suppress. “An appellate court is bound by the trial court’s findings of historical fact if those findings are supported by competent, substantial evidence.” However, a de novo standard applies to questions of law.
 
 Ferguson v. State,
 
 58 So.Sd 360, 363 (Fla. 4th DCA 2011) (citations omitted).
 

 “Whether consent is voluntary is a question of fact to be determined by the trial judge, based on the totality of the circumstances.”
 
 Gonzalez v. State,
 
 59 So.3d 182, 185 (Fla. 4th DCA 2011) (citing
 
 Taylor v. State,
 
 855 So.2d 1, 17 (Fla.2003)). As explained in
 
 Gonzalez:
 

 [Wjhere the validity of a search rests on consent, the State has the burden of proving that the necessary consent was obtained and that it was freely and voluntarily given, a burden that is not satisfied by showing a mere submission to a claim of lawful authority. Further, where there is an illegal detention or other illegal conduct on the part of the police, a consent will be found voluntary only if there is clear and convincing evidence that the consent was not a product of the illegal police action. Otherwise, the voluntariness of the consent must be established by a preponderance of the evidence.
 

 Id.
 
 (quoting
 
 Reynolds v. State,
 
 592 So.2d 1082, 1086 (Fla.1992)) (citations omitted).
 

 Peraza argues his consent to the search of his residence was not freely and voluntarily given because he was pulled out of his residence and badgered for an hour until he signed a consent form that was never read to him. The problem with Peraza’s argument is that it is based on his version of events, which the trial court rejected. Based on the version of facts that the trial court found credible, there was no evidence to suggest any illegal detention or conduct by the officers. Instead, the officers waited until Peraza and his girlfriend were ready to come outside, and they both gave their consent. Thus, there is competent, substantial evidence to support the trial court’s finding that Pera-za validly consented to the search of his home.
 

 Next, Peraza argues that, assuming the officers had valid consent to search the residence, the consent did not extend to the garage in the back of the home, which was locked and for which he had no knowledge or control. This argument is directly refuted by the detective’s testimony that he asked Peraza if they could search the whole house, and Peraza responded, “if you can get into it, you can search it.”
 

 Peraza argues that the consent to search the whole house was not valid because one cannot give a valid consent to search an area not within the consentee’s possessory interest, custody, or control. In response, the State asserts that if Peraza did not have ownership or control of the garage, then he lacks standing to challenge the search of the garage.
 

 To invoke the Fourth Amendment, “a criminal defendant must establish standing by demonstrating a legitimate expectation of privacy in the area searched or the item seized. A legitimate expectation of privacy consists of both a subjective expectation and an objectively reasonable expectation, as determined by societal standards.”
 
 State v. Young,
 
 974 So.2d 601,
 
 *341
 
 608 (Fla. 1st DCA 2008) (citations omitted). But by disclaiming any interest in the garage, Peraza expressly disclaimed any subjective expectation of privacy in the garage.
 
 See United States v. Bell,
 
 218 Fed.Appx. 885 (11th Cir.2007) (defendant did not have standing to challenge search of apartment when he specifically testified he did not lease apartment and did not prove he was a guest in the apartment). Therefore, the trial court did not err in holding Peraza lacked standing to challenge the search of the garage.
 
 [1]
 
 Moreover, there was evidence that a key to the garage was on Peraza’s key chain, and there were objects connected to a marijuana cultivation operation found in areas of the house Peraza clearly admitted were occupied and controlled by him. Such evidence would negate a conclusion that he did not have possession or control over the garage. It also negates his argument on appeal that he did not have actual or constructive possession over the marijuana.
 

 Affirmed.
 

 HAZOURI and GERBER, JJ., concur.
 

 [1]
 

 . One of Peraza’s arguments on appeal is that the trial court improperly found Peraza lacked standing to contest the search of the garage after the State made a concession at the suppression hearing that he did have such standing. We find no merit to this argument.