DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**BRUCE BERNARD STRACHAN,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D14-123

[June 29, 2016]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Karen Miller, Judge; L.T. Case No. 2009CF011003AMB.

Carey Haughwout, Public Defender, and Paul E. Petillo, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Jeanine Germanowicz, Assistant Attorney General, West Palm Beach, for appellee.

FORST, J.

This case comes to us after a jury found Appellant Bruce Strachan guilty of three counts of first-degree murder for which the trial court imposed three consecutive life sentences. We find no merit in any of the arguments raised on appeal. We write to address only three of these arguments; we expressly affirm the other two without further comment.

I.    **The trial court did not err in allowing the jury to read transcripts of recorded calls made by Appellant.**

We note first that Appellant failed to properly preserve his argument related to the jury viewing transcripts of recorded calls because his first objection to the transcripts was made *at* trial, and *Martinez v. State*, 761 So. 2d 1074 (Fla. 2000), only requires the trial court to independently review a transcript when an objection is made *pre*-trial. *See id.* at 1086 ("[T]he trial court should make an independent pretrial determination of the accuracy of the transcript . . . ."). Appellant's cases suggesting that an at-trial objection is sufficient are unpersuasive. *Sparkman v. State*, 902 So. 2d 253 (Fla. 4th DCA 2005), dealt with the actual introduction of

evidence, not with demonstrative aids. *Id.* at 257. And although *Davis v. State*, 121 So. 3d 462 (Fla. 2013), involved a transcript, the at-trial objection there was made at the first available opportunity when a revised transcript was put forward which defense counsel had not previously been given the opportunity to verify. *Id.* at 487. Here, Appellant and his attorney had been relying on the transcript for pre-trial hearings and can make no claim of surprise or lack of opportunity. Appellant failed to object with sufficient time for the trial court to be able to perform its responsibilities under *Martinez* and therefore has waived his right to appeal this issue. *See Aills v. Boemi*, 29 So. 3d 1105, 1109 (Fla. 2010). Even if we were to consider this issue on the merits, we would hold that the curative instructions given, the fact that the jury listened to the tapes again without transcripts during deliberations, and the relative insignificance of the alleged errors in the transcript compared to the evidence as a whole, all render any error harmless. *See State v. DiGuilio*, 491 So. 2d 1129, 1135 (Fla. 1986) (establishing the harmless error standard); *Davis*, 121 So. 3d at 492 (holding the error in *Davis* harmless based on curative instructions and the replaying of the tape).

## II. The trial court did not err in denying Appellant's motion to suppress recorded phone calls he made from jail.

We review motions to suppress under a mixed standard, deferring to the trial court's factual findings but reviewing legal conclusions de novo. *Chaffin v. State*, 121 So. 3d 608, 613 (Fla. 4th DCA 2013).

Appellant argues that his calls made to family members should have been suppressed as the fruit of the poisonous tree based on conduct by the police that the State concedes was improper.[1] Suppression under this doctrine requires that the illegal actions of law enforcement be the but-for cause of the evidence sought to be suppressed. *See Hudson v. Michigan*, 547 U.S. 586, 592 (2006) ("Our cases show that but-for causality is only a necessary, not a sufficient, condition for suppression."). Appellant's jail calls included language suggesting that he was calling *despite* the improper police conduct rather than *because* of it. The record as a whole indicates that Appellant had an independent desire to make the calls and would have made them with or without the illegal police conduct.

## III. The trial court did not err in denying Appellant's motion to suppress the gun.

---

[1] The police continued to question Appellant after he had invoked his right to remain silent.

2

The police found the murder weapon (an AK-47) in a half-open duffel bag under a bed in a shed owned by Appellant's cousin. This shed was used as a sort of makeshift second home by Appellant's father. We dispose of this issue at the very first step of a Fourth Amendment analysis. "To invoke the Fourth Amendment, 'a criminal defendant must establish standing by demonstrating a legitimate expectation of privacy in the area searched or the item seized. A legitimate expectation of privacy consists of both a subjective expectation and an objectively reasonable expectation, as determined by societal standards.'" *Peraza v. State*, 69 So. 3d 338, 340 (Fla. 4th DCA 2011) (quoting *State v. Young*, 974 So. 2d 601, 608 (Fla. 1st DCA 2008)). By failing to have a subjective expectation of privacy, a defendant can be without standing before the reasonableness analysis even begins. *See id.* at 341; *United States v. McBean*, 861 F.2d 1570, 1573 & n.7 (11th Cir. 1988). Whether an individual has a subjective expectation of privacy is a factual determination reviewed under a clearly erroneous standard. *McBean*, 861 F.2d at 1573.

The trial court here found that Appellant "had no expectation of privacy in that shed" and specified that its finding was about both Appellant's subjective and objective expectations. After a close review of the record, we cannot conclude that the trial court's finding as to Appellant's subjective expectation of privacy was clearly erroneous. The transcript of the suppression hearing reveals that Appellant's cousin (the shed's owner) gave the police permission to search the shed; multiple individuals had access to the shed; the shed was unlocked; and the shed was not constantly under observation. Based on these facts, the trial court did not clearly err in its finding. We therefore affirm the denial of Appellant's motion to suppress the murder weapon.

## Conclusion

We find no error in the proceedings below. We affirm Appellant's conviction and sentence.

*Affirmed.*

GROSS and KLINGENSMITH, JJ., concur.

\*　　　\*　　　\*

***Not final until disposition of timely filed motion for rehearing.***

3