Per Curiam.
We affirm the summary denial of appellant’s motion for postconviction relief, concluding that each claim is legally insufficient. As to his claim that counsel was ineffective for failing to file a motion to suppress the search of the home, the facts show that such a motion would have been futile because, appellant did not have a reasonable expectation of privacy in the home, as counsel explained to appellant. See State v. Suco, 521 So,2d 1100, 1102 (Fla. 1988) (holding that whether a defendant has a reasonable expectation of privacy depends on the totality of the circumstances); Peraza v. State, 69 So.3d 338, 340 (Fla. 4th DCA 2011) (holding that the resident of a home lacked standing to challenge the search of the garage based on his “unequivocal statements that he knew nothing about that part of the residence and didn’t have anything to do with that part of the residence”); Burgos v. State, 939 So.2d 219, 219-20 (Fla. 1st DCA 2006) (holding that an overnight guest lacked standing to contest .the search of luggage in the. guest room where he .“affirmatively denied any knowledge or ownership of the luggage searched”); State v. Mallory, 409 So.2d 1222, 1224 (Fla. 2d DCA 1982) (explaining that standing turns on whether the defendant considers the residence in question his home, whether permanent or temporary). -
*581 As to his claim that counsel was ineffective for failing to move for judgment of acquittal on the ground that the State failed to prove the requisite weight of the MDMA pills to support a conviction for trafficking over 400 grams, this claim is refuted by Asmer v. State, 416 So.2d 485, 487 (Fla. 4th DCA 1982) (holding that the State’s random testing of one out of 1,000 similar tablets was sufficient to admit evidence of weight, as “[t]o require the State to test each tablet of the 1,000 tablets delivered by appellant and prove that enough tablets contained enough pure Me-thaqualone to satisfy the statutory amount is patently unreasonable”).
As to his claim that counsel was ineffective for failing to object to the introduction of the chemist’s report, we conclude that it was not ineffective for counsel to stipulate to admission of the report under the circumstances of the trial.

Affirmed

Warner, Damoorgian and Levine, JJ., concur.