# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D2023-4057
Lower Tribunal No. 2023-CF-008215-O

_____

STATE OF FLORIDA,

Appellant,

v.

JESSIE LEE HOWARD,

Appellee.

_____

Appeal from the Circuit Court for Orange County.
Kevin B. Weiss, Judge.

November 27, 2024

PER CURIAM.

ON CONCESSION OF ERROR

The State of Florida appeals the trial court's order granting Jessie Lee Howard's motion to suppress. We have jurisdiction. *See* Fla. R. App. P. 9.140(c)(1)(B). We accept Howard's concession of error and reverse because he lacked standing to challenge the search and seizure of two packs he abandoned while fleeing from law enforcement.

Deputy Sheriff Richard Sheiman and Deputy Sheriff Justin Breaud stopped Howard for driving a motorized scooter in the middle of the road.[1]  Howard wore two packs.  Both deputies told Howard that he smelled like cannabis. Deputy Sheiman then told Howard to hand over the packs.  Howard fled, dropping both packs in a hotel parking lot before Deputy Breaud caught him.

Deputy Sheiman searched both packs.  One had a lock, which he broke after Howard refused to divulge its combination to Deputy Breaud.  Inside the pack, Deputy Sheiman found a jar containing cannabis, a plastic bag containing trafficking amounts of fentanyl, and a locked safe disguised as a dictionary.  He asked Howard for the safe's combination, and Howard responded that he did not know what the safe was and it did not belong to him.  Deputy Sheiman broke the lock, finding almost a thousand dollars in cash and trafficking amounts of crack cocaine.  The deputies' body cameras captured this entire incident.

Howard argued that law enforcement needed a warrant to search the packs. He insisted that the deputies knew they were his packs based on the requests for assistance in opening them.  The State responded that Howard lacked standing to challenge the search because he had abandoned the packs.  Believing itself bound by our decision in *Jean v. State*, 369 So. 3d 1235 (Fla. 6th DCA 2023), the trial court

---

[1] The trial court did not rule on the stop's validity, and we do not address it here.

2

granted Howard's motion to suppress. It reasoned that *Jean* required law enforcement to obtain a warrant to search Howard's packs after taking him into custody.

The parties do not dispute the facts. We review de novo the trial court's legal conclusions. *See State v. Hickman*, 363 So. 3d 217, 219 (Fla. 6th DCA 2023) (citing *Wyche v. State*, 987 So. 2d 23, 25–26 (Fla. 2008)). To invoke his protections under the Fourth Amendment, Howard had to "establish standing by demonstrating a legitimate expectation of privacy in the area searched or the item seized." *Hargrove v. State*, 49 Fla. L. Weekly D889, D890 (Fla. 6th DCA Apr. 19, 2024) (quoting *Strachan v. State*, 199 So. 3d 1022, 1024 (Fla. 4th DCA 2016)). When he abandoned his packs, Howard forfeited his standing to challenge their subsequent search and seizure. *See id.* The deputies thus required no warrant to search the abandoned property. *See id.* (citing *Caraballo v. State*, 39 So. 3d 1234, 1245 (Fla. 2010)). By contrast, *Jean* did not involve abandoned property, and therefore, the trial court's reliance on it was misplaced. *See Jean*, 369 So. 3d at 1237–38 (deputies removed fanny pack strapped to Jean's chest while arresting him).

REVERSED and REMANDED.

TRAVER, C.J., and STARGEL, J., and LAMBERT, B.D., Associate Judge, concur.

3

Ashley Moody, Attorney General, Tallahassee, and Marissa V. Giles, Assistant Attorney General, Daytona Beach, for Appellant.

Howard L. "Rex" Dimmig, II, Public Defender, and Maureen E. Surber, Assistant Public Defender, Bartow, for Appellee.

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING AND DISPOSITION THEREOF IF TIMELY FILED